1 | SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
2 | *crowley@seyfarth.com*
Michael A. Wahlander (SBN 260781)
3 | *mwahlander@seyfarth.com*
Nolan R. Theurer (SNB 323563)
4 | *ntheurer@seyfarth.com*
560 Mission Street, 31st Floor
5 | San Francisco, California 94105
Telephone:    (415) 397-2823
6 | Facsimile:    (415) 397-8549

7 | SEYFARTH SHAW LLP
Sophia S. Kwan (SBN 257666)
8 | skwan@seyfarth.com
400 Capitol Mall, Suite 2350
9 | Sacramento, California 95814-4428
Telephone:    (916) 448-0159
10 | Facsimile:    (916) 558-4839

11 | Attorneys for Defendant
AARON'S, INC.

12

13 |                    UNITED STATES DISTRICT COURT

14 |              FOR THE EASTERN DISTRICT OF CALIFORNIA

15

16 | LUIS H. CASTRO CARDENAS, an individual, )    Case No.
on behalf of himself and others similarly    )
17 | situated,                                   )    **CLASS ACTION**
                                              )
18 |              Plaintiff,                    )    **NOTICE OF REMOVAL OF CIVIL
                                              )    ACTION TO THE UNITED STATES
19 |        v.                                  )    DISTRICT COURT**
                                              )
20 | AARON'S, INC., and DOES 1 through 50,       )    [28 U.S.C. §§ 1332(b)(2), 1446,1453]
inclusive,                                   )
21 |                                            )    [Sacramento County Superior Court
              Defendants.                    )    Case No. 34-2020-00274403]
22 |                                            )
                                              )    Date Action Filed:  January 29, 2020
23 | _____     )

24

25

26

27

28

64469175v.6

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant AARON'S, INC. ("Defendant" or "Aaron's") hereby removes the above-captioned case from the Superior Court of the State of California, County of Sacramento to the United States District Court for the Eastern District of California, asserting original jurisdiction under 28 U.S.C. §§ 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), and removal jurisdiction under 28 U.S.C. §§ 1441(a), 1446, and 1453.

## PLEADINGS, PROCESSES, AND ORDERS

1.     On January 29, 2020, Plaintiff Luis Castro Cardenas ("Plaintiff") filed a Class Action Complaint for Damages ("Complaint") in the Superior Court of the State of California, County of Sacramento entitled *Luis H. Castro Cardenas, an individual, on behalf of himself and all other persons similarly situated v. Aaron's Inc.; and Does 1 to 50, inclusive*, Case Number 34-2020-00274403.  On May 8, 2020, Plaintiff filed his First Amended Complaint ("FAC"), by the same name and case number. A true and correct copy of the Summons and Complaint, and the FAC is attached as Exhibit A.

2.     The FAC purports to allege the following seven claims for relief:  (1) Failure to Pay Wages and/or Overtime Under Labor Code §§ 510, 1194, 1197 and 1199; (2) Failure to Provide Meal Periods Pursuant to Labor Code §§ 226.7 and 512; (3) Failure to Provide Rest Periods Pursuant to Labor Code § 226.7; (4) Violation of Labor Code § 226(a); (5) Penalties Pursuant to Labor Code § 203; (6) Violation of Business and Professions Code § 17200; and (7) Penalties Pursuant to Labor Code § 2699, *et seq.*  (*See*, Ex. A, FAC.)

3.     The FAC seeks to certify the following class: "All persons who are employed or have been employed as a non-exempt employee by AARON'S, INC. in the State of California since four (4) years prior to the filing of this action to the present."  (Ex. A, FAC at ¶31.)

4.     On June 30, 2020, Defendant filed an Answer to Plaintiff's FAC in Sacramento County Superior Court.  A true and correct copy of the Answer is attached as Exhibit B.

5.     Attached as Exhibit C are the remaining documents served on Defendant.

6.     Exhibits A - C constitute all pleadings, process, and orders served on any defendant, and filed by any defendant, in this action.

**TIMELINESS OF REMOVAL**

7.    Plaintiff served his Summons, Complaint, and FAC on June 3, 2020.  Plaintiff never separately served the Complaint.  This Notice of Removal is timely because it is filed within thirty (30) days of the service upon Defendant of a copy of the Summons and the operative Complaint, and within one (1) year of the commencement of this action.  *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (thirty-day removal period begins when defendant is formally served).

**JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")**

8.    This Court has original subject-matter jurisdiction over this action under CAFA, codified in relevant part in 28 U.S.C. section 1332(d)(2).  As set forth below, this action is properly removable pursuant to 28 U.S.C. section 1441(a) because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a purported class action in which a class member is a citizen of a State different from that of Defendant (28 U.S.C. §§ 1332(d)(2) & (6)), and the number of putative class members is greater than 100.  *See* 28 U.S.C. §§ 1332(d)(5)(B).

**I.    THERE IS MINIMAL DIVERSITY FOR REMOVAL UNDER CAFA**

9.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction.  That is, at least one purported class member must be a citizen of a state different from any named defendant.  *See* 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant.").  Here, such minimal diversity exists among the parties.  Plaintiff is a citizen of a state that is different from Defendant's state of citizenship.

**A.    Plaintiff Is a Citizen of California**

10.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *See Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place where he or she resides with the intent to remain indefinitely.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *see also Zavala v. Deutsche*

2

*Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes."). In the FAC, Plaintiff alleges that he "is a resident of California." (Ex. A, FAC, ¶ 14). Throughout his employment, Plaintiff maintained a California address with Defendant. Plaintiff's last known address is in the city of San Bernardino, California. (*See* Declaration of Karen Schukle ("Schukle Decl.") at ¶10.) Plaintiff filed this lawsuit in California. Accordingly, Plaintiff is, and has been at all times since the institution of this action, a citizen of the State of California.

**B.    Defendant Is Not a Citizen Of California**

11.    Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.*

12.    Defendant is incorporated under the laws of the State of Georgia. (Schukle Decl. at ¶11.) Defendant's principal place of business is also located in the State of Georgia, because that is where Defendant's headquarters and executive offices are located, and where Defendant's high-level officers direct, control, and coordinate its activities. (*Id.*)

13.    At all relevant times, Defendant was a citizen of the State of Georgia. It is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

**C.    Doe Defendants' Citizenship Must Be Disregarded**

14.    Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[U]known defendants sued as "Does" need not be joined in a removal petition."). Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

//

15.    Accordingly, pursuant to 28 U.S.C. section 1332(c), Plaintiff and Defendant have diverse citizenship.  Therefore, CAFA diversity is satisfied because at least one Plaintiff is diverse from Defendant.

### D.    Defendant Is Not A Governmental Entity

16.    Defendant is not a state, a state official, or some other governmental entity.

### E.    There Are More Than 100 Putative Class Members

17.    CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100.  *See* 28 U.S.C. § 1332(d)(5)(B).

18.    In the FAC, Plaintiff alleges that he seeks to certify a class consisting of:  "All persons who are employed or have been employed as a non-exempt employee by AARON'S, INC. in the State of California since four (4) years prior to the filing of this action to the present."  (Ex. A, FAC at ¶ 31.)

19.    From January 30, 2016 to the June 26, 2020, there were 1,070 employees who fall within the putative class defined by Plaintiff.  (Schukle Decl. at ¶5.)  Thus, the requisite number of at least 100 putative class members is satisfied here.

## II.    PLAINTIFF'S CLAIMS PLACE MORE THAN $5,000,000 IN CONTROVERSY

### A.    Defendant Need Only Show That The Amount In Controversy Exceeds The Statutory Minimum

20.    While Defendant denies any liability as to Plaintiff's claims, the amount in controversy as alleged in the FAC exceeds $5,000,000, exclusive of interest and costs.  All calculations supporting the amount in controversy are based on the FAC's allegations (along with other documents as identified herein), assuming, without any admission, the truth of the allegations and assuming liability (which Defendant disputes) is established.  Likewise, these calculations are based on the putative class alleged in the FAC, and in no way indicate that class treatment is appropriate in this case, or that Plaintiff has standing to represent any such class, or that the class proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure.  Defendant expressly reserves the right to challenge Plaintiff's claims, adequacy and standing to represent any class, class definitions, and calculation of damages in all respects.  However, for purposes of removal, Defendant bases its calculations on the allegations, facts known to Defendant, and class definition pleaded by Plaintiff.

21.     Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).  Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Sen. Jud. Comm. Rep., S. REP. 109-14, at 42.  Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

22.     To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must only make a plausible claim that the amount in controversy exceeds that amount.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

23.     Where, as here, Plaintiff does not plead a specific amount of damages, a defendant need only make a *prima facie* showing that it is "more likely than not" that the amount in controversy meets the jurisdictional minimum.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) (stating that "[i]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence," that the amount meets the jurisdictional requirement).

24.     Courts may assume a 100% violation rate in calculating the amount in controversy for removal purposes when a more precise calculation is not apparent on the face of the complaint.  *See e.g. Coleman v. Estes Express Lines, Inc.*, 2010 U.S. Dist. LEXIS 79772 at *18-19 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate"); *Muniz v. Pilot Travel Centers LLC.*, Case No. S-07-0325, 2007 WL 1302504, * at 4 (E.D. Cal. May 1, 2007)

("Plaintiff is the 'master of [his] claim[s],' and if [he] wanted to avoid removal, [he] could have alleged facts specific to [his] claims which would narrow the scope of the putative class or the damages sought" to indicate a violation rate smaller than 100%).

25. As the Supreme Court has explained, "the fact that the complaint discloses the existence of a valid defense to the claim" does not eliminate federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-290 (1938). Further, Defendant's amount in controversy allegations on removal are entitled to the same weight given those alleged by a plaintiff in its pleadings. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). As a result, the effect of any affirmative defenses potentially reducing the amount in controversy cannot be considered when determining federal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010); *Scherer v. Equitable Life Assur. Soc.*, 347 F.3d 394, 397-398 (2d Cir. 2003) (affirmative defenses may not be used to "whittle down the amount in controversy"); *Lara v. Trimac Transp. Servs. (Western), Inc.*, No. CV 10-4280GHK (JCx), 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("[A]ffirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum.")).

26. Moreover, a plaintiff cannot evade federal jurisdiction by merely alleging that the amount in controversy falls below the jurisdictional minimum. *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1350 (2013); *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 978-82 (9th Cir. 2013).

**B.    The Total Amount In Controversy Exceeds $5,000,000**

**1.    Meal Break Claims**

27. In his Meal Break claim, Plaintiff alleges that Defendant "has had a consistent policy of failing to inform employees of their right to take meal periods and requiring employees within the State of California, including Plaintiff, to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided or provided after five (5) hours, as required by California state wage and hour laws." (Ex. A, FAC at ¶3; *see also* ¶25.) Plaintiff alleges that Defendant "failed to maintain a policy informing Plaintiff and the Proposed Class" of their right to meal breaks (*Id.* at ¶48), and "failed to provide Plaintiff or the Proposed Class with proper meal periods of not less than thirty (30) minutes as

required by the California Labor Code during the relevant time period." (*Id.* at ¶50.) Plaintiff further alleges that, pursuant to Labor Code § 226.7, he and the Proposed Class are "entitled to damages in an amount equal to one (1) hour of wages ***per missed meal break, per day*** in a sum to be proven at trial. (*Id.* at ¶51)(emphasis added).

28.     Plaintiff included no limitation on the number of violations and, in fact, his allegations support that he is contending that he and the putative class members were not provided with compliant meal periods each workday. Accordingly, it is reasonable for Defendant to calculate the amount in controversy based on 100% violation rate. Plaintiff seeks to certify a class covering the last four years. The average hourly rate for Defendant's hourly non-exempt employees between January 30, 2016 and the June 26, 2020 was $13.99. (Schukle Decl. at ¶6.) The approximate number of workweeks for these employees for that same period was 56,116. (*Id.*) Employees typically worked five days per week. (*Id.*) Thus, assuming five meal break violations each workweek, the damages for Plaintiff's meal break claim would be **$3,925,314.20** [$13.99 x 5 violations x 56,116 workweeks].

29.     Even based on a conservative estimate that each putative class member failed to receive compliant-meal periods only twice each workweek, the putative class meal period damages from January 30, 2016 to June 26, 2020 would be approximately $1,570,125.68 [$13.99 x 2 violations x 56,116 workweeks]. Thus, a conservative estimate of the amount in controversy for Plaintiff's meal break claims alone is approximately **$1,570,125.68**.

## 2.     Rest Break Claims

30.     In his Rest Break claim, Plaintiff alleges that "Defendant has had a consistent policy of failing to inform employees of their right to take rest periods and failing to provide employees within the State of California, including Plaintiff, rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period was not provided, as required by California state wage and hour laws. (Ex. A, FAC at ¶4; *see also* ¶26.) Plaintiff alleges that "Defendant failed to maintain a policy informing Plaintiff and the Proposed Class" of the right to take rest periods. (*Id.* at ¶53.) Plaintiff further alleges that he "and the Proposed Class consistently worked shifts with no rest breaks or with only some of their required rest breaks" and that Defendant did not provide rest

breaks of "not less than ten (10) minutes as required by the Labor Code during the relevant time period." (*Id.* at ¶54.) Plaintiff alleges that "[p]ursuant to Labor Code § 226.7, he and the Proposed Class "are entitled to damages in an amount equal to one (1) hour of wages per missed rest period, in a sum to be proven at trial." (*Id.* at ¶55.)

31.    Plaintiff included no limitation on the number of violations and, in fact, his allegations support that he is contending that he and the putative class members did not receive all compliant rest breaks each workday. Accordingly, it is reasonable for Defendant to calculate the amount in controversy based on 100% violation rate. Plaintiff seeks to certify a class covering the last four years. The average hourly rate for Defendant's hourly non-exempt employees between January 30, 2016 and June 26, 2020 was $13.99. (Schukle Decl. at ¶6.) The approximate number of workweeks for these employees for that same period was 56,116 (*Id.*) Employees typically worked five days per week. (*Id.*) Thus, assuming five missed rest breaks each workweek, the damages for Plaintiff's rest break claim would be **$3,925,314.70** [$13.99/hour x 5 violations x 56,116 workweeks].

32.    Even based on a conservative estimate that each putative class member did not receive compliant rest breaks twice a workweek, the putative class rest period damages from January 30, 2016 to June 26, 2020 would be approximately $1,570,125.68 [$13.99/hour x 2 violations x 56,116 workweeks]. Thus, a conservative estimate of the amount in controversy for Plaintiff's rest break claims alone is approximately **$1,570,125.68**.

### 3.    Inaccurate Wage Statement Claim

33.    Plaintiff also alleges that Defendant failed to "include necessary and required information on wage statements provided to Plaintiff and the Proposed Class. Defendant failed to include the total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee." (Ex. A, FAC at ¶ 5.) Plaintiff alleges that he and the Proposed Class "are issued wage statements that do not state the total hours worked during the pay period" and "do not include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." (*Id.* at ¶¶58, 59.) Plaintiff alleges that "defendant's failure to provide itemized wages . . . was done on a regular and consistent basis." (*Id.* at ¶60.) Plaintiff further alleges that an "employee suffering an injury as a result of a

8

1    knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to

2    recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

3    violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay

4    period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award

5    of costs and reasonable attorney's fees." (*Id.* at ¶61.)

6        34.    The total number of hourly employees for Defendant in California from January 30, 2019

7    to the June 26, 2020 is 538. (Schukle Decl. at ¶9.) The total number of pay periods for these employees

8    during this time period is 10,024. (*Id.*) The penalties under Labor Code § 226 are $50 for the first

9    violation and $100 for each subsequent violation. As a result, a reasonable estimate for Plaintiff's

10   inaccurate wage statement claim would be **$975,500** [(538 x $50 per employee for the initial violation) +

11   ((10,024 - 538) x $100)].

12           **4.**    **Waiting Time Penalties**

13       35.    Plaintiff's fifth claim for relief alleges that Defendant must pay waiting time penalties

14   under Labor Code section 203 for failure to pay all wages owed upon termination. (Ex. A, FAC at ¶¶63-

15   65.) Labor Code section 203 authorizes penalties of one day of pay for each day the employer fails to

16   pay the wages due for a maximum of 30 days. Cal. Lab. Code § 203(a).

17       36.    As to this claim, Plaintiff seeks to certify a class covering the last four years, however,

18   the proper time period under the law for a waiting time penalty claim under Labor Code § 203 is three

19   years. From January 30, 2017 through the June 2, 2020, there were approximately 597 terminated

20   putative class members. (Schukle Decl. at ¶7.) The average hourly rate for those employees was

21   approximately $14.10. (*Id.* at ¶8.) Accordingly, although Defendant disputes liability, a reasonable

22   estimate of the amount in controversy for section 203 penalties is **$2,020,248** [$14.10/hour x 8 hours/day

23   x 30 days x 597 former putative class members].

24           **5.**    **Regular Rate Overtime Claim**

25       37.    Plaintiff alleges that Defendant violated the overtime provisions of the California Labor

26   Code because it supposedly failed to pay proper wages and/or overtime to Plaintiff and the Proposed

27   Class, and failed to include incentive pay in the Proposed Class Members' regular rate of pay in pay

28   periods where they also worked overtime and/or double time. (Ex. A, FAC, ¶ 43.) But Plaintiff's

allegations as to the value of these claims are unclear. Needless to say, Plaintiff's overtime claims only increase the amount in controversy—even based on minimal assumptions.

38. For example, making the conservative assumption that Plaintiff and the putative class worked one hour of overtime *per week* and that an additional $1.00 should have been factored into the regular rate, the California overtime claims would be worth an additional: **$56,116** ($1.00 (under payment per hour of OT) x 1 (OT Hours) x 56,116 (workweeks for Proposed Class)). But Plaintiff's allegations of consistent violations and that Defendant failed to include incentive payments suggest that he thinks this number is much higher.

39. In sum, even before taking into account any attorneys' fees, the allegations in Plaintiff's FAC support that the total amount in controversy is over $5,000,000. Indeed, using a conservative estimate, the total amount in controversy is **$6,192,115.36.** And, using the 100% violation rate (which is more than appropriate here), the total amount in controversy is **$10,902,492.90.**

### 6. Attorneys' Fees

40. The Complaint also seeks attorneys' fees under all seven purported claims. (Ex. A, FAC, Prayer.) Requests for attorneys' fees may be taken into account in ascertaining the amount in controversy for purposes of removal. *Longmire v. HMS Host U.S., Inc.*, Case No., 12-cv-2203, 2012 WL 5928485, at * 9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over amount in controversy under CAFA.") (citing *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007) (attorneys' fees appropriately included in determining amount in controversy).

41. In the class action context, courts have found that 25% of the aggregate amount in controversy is a benchmark for attorneys' fees awards under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for

attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25% of the common fund).

42.     Thus, even under the conservative benchmark of 25% of the total recovery, attorneys' fees based on the amount in controversy established above using conservative estimates is **$1,548,028.84** [$6,192,115.36 x .25].  And using the amount in controversy assuming a 100% violation rate on Plaintiff's meal and rest break claims, the attorneys' fees would be **$2,725,623.22** [$10,902,492.90 x .25].

43.     As set forth above, the amount Plaintiff has placed in controversy easily satisfies CAFA's $5,000,000 requirement.  Indeed, using a conservative estimate, the total amount in controversy is **$7,740,114.20.**  And, using the 100% violation rate (which is more than appropriate here), the total amount in controversy is **$13,628,116.10.**

## **VENUE**

44.     Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2).  This action originally was brought in the Sacramento County Superior Court of the State of California.  Therefore, it is properly removed to this district.

## **NOTICE OF REMOVAL**

45.     This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Sacramento County Superior Court of the State of California.

//

//

//

//

//

//

## **PRAYER FOR REMOVAL**

WHEREFORE, Defendant prays that this civil action be removed from the Sacramento County Superior Court of the State of California, to the United States District Court for the Eastern District of California.

DATED: July 2, 2020                              Respectfully submitted,

                                                 SEYFARTH SHAW LLP

                                                 By: _____
                                                       Christian J. Rowley
                                                       Michael A. Wahlander
                                                       Sophia S. Kwan
                                                       Nolan R. Theurer

                                                 Attorneys for Defendant
                                                 AARON'S, INC.

12

# *Exhibit A*

# *Exhibit A*

Aaron's, Inc.
Legal
June 3, 2020

**SUM-100**

## SUMMONS on First Amended Complaint
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**  AARON'S, INC.; and DOES 1 to 50, inclusive
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** LUIS H. CASTRO CARDENAS, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, on behalf of himself
and others similarly situated

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| **FILED/ENDORSED** |
| MAY 08 2020 |
| By: _____ K. Spichka _____ |
| Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Sacramento<br>720 9th Street<br>Sacramento, California 95814 | CASE NUMBER:<br>*(Número del Caso):*<br>34-2020-00274403 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Darren M. Cohen, Esq., Cal Bar No. 221938; KINGSLEY & KINGSLEY, APC

16133 Ventura Blvd., Suite 1200, ENCINO, CA 91436                                   (818) 990-8300

| DATE:<br>*(Fecha)* MAY 08 2020 | Clerk, by<br>*(Secretario)* K. SPICHKA | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  Aaron's, Inc.

   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**
**ON FIRST AMENDED COMPLAINT**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder

Aaron's, Inc.
Legal
June 3, 2020

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** AARON'S, INC.; and DOES 1 to 50, inclusive
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** LUIS H. CASTRO CARDENAS, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, on behalf of
himself and others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
01/29/2020
rgomez5
By_____, Deputy
Case Number:
34-2020-00274403

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Sacramento<br>720 9th Street<br>Sacramento, California 95814 | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: DARREN M. COHEN
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DARREN M. COHEN, SBN - 221938; KINGSLEY & KINGSLEY, APC

16133 Ventura Blvd., Suite 1200, ENCINO, CA 91436                     (818) 990-8300

| DATE:<br>*(Fecha)* JAN 2 9 2020 | Clerk, by<br>*(Secretario)* R. GOMEZ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*    Aaron's, Inc.

under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |
|---|---|---|

Aaron's, Inc.
Legal
June 3, 2020

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DARREN M. COHEN          SBN: 221938<br>KINGSLEY & KINGSLEY<br>16133 Ventura Blvd., Suite 1200, ENCINO, CA 91436<br>TELEPHONE NO.: (818) 990-8300   FAX NO.: (818) 990-2903<br>ATTORNEY FOR *(Name):* Plaintiff, Luis H. Castro Cardenas | FILED<br>Superior Court Of California<br>Sacramento<br>01/28/2020<br>rponce5<br>By_____, Deputy<br>Case Number:<br>34-2020-00274403 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME: Luis H. Castro Cardenas vs. Aaron's, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 34-2020-00274403 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 29, 2020

DARREN M. COHEN
(TYPE OR PRINT NAME)                          ▶        _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Aaron's, Inc.
Legal
July 03, 2020

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

Aaron's, Inc.
Legal
June 3, 2020

1 │ DARREN M. COHEN, Esq., Cal. Bar No. 221938
  │ dcohen@kingsleykingsley.com
2 │ **KINGSLEY & KINGSLEY, APC**
  │ 16133 Ventura Blvd., Suite 1200
3 │ Encino, CA 91436
  │ Telephone: (818) 990-8300
4 │ Fax: (818) 990-2903

5 │ Attorneys for Plaintiff and the Proposed Class

6

7

8 │                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 │                        **FOR THE COUNTY OF SACRAMENTO**

10

11 │ LUIS H. CASTRO CARDENAS, an          │ Case No.:
   │ individual, on behalf of himself and others │
12 │ similarly situated,                  │ **CLASS ACTION COMPLAINT**

13

14 │                    Plaintiff,        │  1. Failure to Pay Wages and/or Overtime
   │                                      │     Under Labor Code §§ 510, 1194, 1197,
   │                                      │     and 1199
15 │           vs.                        │  2. Failure to Provide Meal Periods Pursuant
   │                                      │     to Labor Code §§ 226.7 and 512
16 │                                      │  3. Failure to Provide Rest Periods Pursuant to
   │                                      │     Labor Code § 226.7
17 │ AARON'S, INC.; and DOES 1 to 50,     │  4. Violation of Labor Code § 226(a)
   │ inclusive,                           │  5. Penalties Pursuant to Labor Code § 203
18 │                                      │  6. Violation of Business & Professions Code
   │                                      │     § 17200
19 │
   │                                      │ **JURY TRIAL DEMANDED**
20 │                    Defendants.       │

21

22 │       Plaintiff LUIS H. CASTRO CARDENAS, an individual, on behalf of himself, all others

23 │ similarly situated, complains of Defendant AARON'S, INC. ("Defendant") and each of them, as

24 │ follows:

25 │                                        **I**

26 │                                 **INTRODUCTION**

27 │       1.      This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of

28 │ Plaintiff and a Proposed Class defined as:

─────────────────────────────────────────────
                    CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

> All persons who are employed or have been employed as an hourly employee by AARON'S, INC. in the State of California since four (4) years prior to the filing of this action to the present.

2.    From at least four (4) years prior to the filing of this action continuing to the present, Defendant has had a consistent policy of failing to pay wages and/or overtime to all hourly employees for all work perform at the proper rate of compensation. Defendant has had a consistent policy of failing to pay proper wages and/or overtime to Plaintiff and the Proposed Class. Defendant failed to include the incentive pay in Plaintiff's and the Proposed Class Members' regular rate of pay in pay periods where they also worked overtime and/or double time. Defendant's policies and procedures resulted in the underpayment of wages and/or overtime.

3.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendant has had a consistent policy of failing to inform employees of their right to take meal periods and requiring employees within the State of California, including Plaintiff, to work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided or provided after five (5) hours, as required by California state wage and hour laws.

4.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendant has had a consistent policy of failing to inform employees of their right to take rest periods and of failing to provide employees within the State of California, including Plaintiff, rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period was not provided, as required by California state wage and hour laws.

5.    For at least four (4) year prior to the filing of this action continuing to the present, Defendant has failed to comply with Labor Code § 226(a) by failing to include necessary and required information on wage statements provided to Plaintiff and the Proposed

CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

Class. Defendant failed to include the total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

6.    Based on the allegations alleged above, from at least four (4) years prior to the filing of this action continuing to the present, Defendant has failed to pay all wages due at the time of termination or resignation to Plaintiff and the Proposed Class.

7.    Plaintiff, on behalf of himself and all Proposed Class Members brings this action pursuant to Labor Code §§ 203, 226(a), 226.7, 510, 512, 1194, 1197, 1199; Wage Order 4-2001; and California Code of Regulations, Title 8, Section 11040, seeking unpaid wages and/or overtime, meal break premiums, rest break premiums, penalties for accurate itemized wage statements, wages upon termination or resignation, other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

8.    Plaintiff, on behalf of himself and all Proposed Class Members, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

## II

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution and California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

10.    This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of Sacramento and the State of California through their acts, and by their violation of the California Labor Code, California state common law, and California Business & Professions Code § 17200, *et seq*.

11.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of

CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

Civil Procedure § 395. Defendant operates within California and does business within Sacramento County. The unlawful acts alleged herein have a direct effect on Plaintiff and all Proposed Class Members within the State of California and the County of Sacramento.

12. This case should be classified as complex according to Rule 3.400 of the California Rules of Court, and assigned to a complex litigation judge and department, as it will involve substantial documentary evidence, a large number of witnesses, and is likely to involve extensive motion practice raising difficult or novel issues that will be time-consuming to resolve and would require substantial post judgment judicial supervision.

## III

## PARTIES

**A.    PLAINTIFF**

13. Plaintiff LUIS H. CASTRO CARDENAS is a resident of California.

14. Plaintiff and the Proposed Class Members were regularly required to:

    a.    Work without being paid for all hours worked at the appropriate rate;

    b.    Work without being provided their meal periods;

    c.    Work without being provided their rest periods; and

    d.    Work without Defendant maintaining accurate time records showing when the employee begins and ends each work period, meal periods, and total daily hours worked and work without being provided an accurate itemized wage statement that reflects all deductions from payment of wages and accurately report total hours worked, including when the employee begins and ends each work period, meal periods, and total daily hours worked, and the applicable rates of pay by Plaintiff and Proposed Class Members.

15. Defendant willfully failed to compensate Plaintiff and all Proposed Class Members for wages at the termination of their employment with Defendant.

16. As a result of this conduct, Defendant has engaged in unfair competition and unlawful business practices.

**B.    DEFENDANTS**

17. Defendant AARON'S, INC. is believed to be a Georgia corporation operating

Aaron's, Inc.
Legal
June 3, 2020

within the State of California. Defendant's corporate address is believed to be 400 Galleria Parkway, S.E., Suite 300, Atlanta, GA 30339. Upon information and belief, Defendant employed Plaintiff and similarly situated persons as employees within California. Defendant has done and does business throughout the State of California.

18.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

19.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Proposed Class Members.

## IV

## **FACTUAL BACKGROUND**

20.     Plaintiff and the Proposed Class are, and at all times pertinent hereto, have been classified as employees by Defendant.

21.     Upon information and belief, Plaintiff and the Proposed Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 4-2001 (Title 8 Cal. Code of Regs. § 11040).

22.     On a regular and consistent basis, Plaintiff and the Proposed Class were not paid at the proper rate of compensation. Defendant has had a consistent policy of failing to pay proper wages and/or overtime to Plaintiff and the Proposed Class. Defendant failed to include

CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

the incentive pay in Plaintiff's and the Proposed Class Members' regular rate of pay in pay periods where they also worked overtime and/or double time.    Defendant's policies and procedures resulted in the underpayment of wages and/or overtime.

23.    Plaintiff and the Proposed Class Members have been forced by Defendant to work over five (5) hours in one day without being provided a thirty (30) minute uninterrupted meal break and not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders.    Additionally, Defendant failed to inform Plaintiff and the Proposed Class of their right to take meal periods by way of a lawful policy.

24.    Plaintiff and the Proposed Class have been required to work four hour increments (or major fractions thereof) without being provided with a ten (10) minute rest period.    Additionally, Defendant failed to inform Plaintiff and the Proposed Class of their right to take rest periods by way of a lawful policy.

25.    Defendant has failed to provide accurate itemized wage statements in compliance with Labor Code § 226(a) by failing to maintain time records showing when the employee begins and ends each work period, meal periods, total daily hours worked by itemizing in wage statements all deductions from payment of wages, accurately reporting total hours and applicable rates of pay for Plaintiff and Proposed Class Members.

26.    Defendant willfully failed to pay wages and compensation, when Plaintiff and all Proposed Class Members quit or were discharged.    Defendant failed to pay the wages described above at the time of termination or resignation.    This failure was willful, without legal justification, and interfered with Plaintiff's and the Proposed Class Members' rights.

27.    As a result of the facts alleged above, Defendant has engaged in unfair competition and unlawful business practices.

**V**

**CLASS ACTION ALLEGATIONS**

28.    Plaintiff brings this action on behalf of himself and all others similarly situated as

6

Aaron's, Inc.
Legal
June 3, 2020

a Class Action pursuant to § 382 of the Code of Civil Procedure. Plaintiff seeks to represent proposed class composed of and defined as follows:

> All persons who are employed or have been employed as a non-exempt employee by AARON'S, INC. in the State of California since four (4) years prior to the filing of this action to the present.

29.     Plaintiff reserves the right under Rule 3.765(b) of the California Rules of Court to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

30.     This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the Proposed Class is easily ascertainable.

**A.     Numerosity**

31.     The potential members of the Proposed Class as defined are so numerous that joinder of all the members of the Proposed Class is impracticable. While the precise number of Proposed Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant currently employ, and during the relevant time periods employed 50 to 99 members of the Proposed Class at any given time.

32.     Plaintiff alleges that Defendant's employment records would provide information as to the number and location of all Proposed Class Members. Joinder of all members of the Proposed Class is not practicable.

**B.     Commonality**

33.     There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual Proposed Class Members. These common questions of law and fact include, without limitation:

a.     Whether Defendant failed to pay wages and/or overtime to Plaintiff and the Proposed Class as required by the Labor Code and Wage Orders under Labor Code §§ 510, 1194, 1197, and 1199;

b.     Whether Defendant failed to provide all lawful meal periods or pay one

CLASS ACTION COMPLAINT

1    hour of wages in lieu thereof statements to Plaintiff and Proposed Class Members;

2    c.    Whether Defendant failed to provide all lawful rest periods or pay one

3    hour of wages in lieu thereof statements to Plaintiff and Proposed Class Members;

4    d.    Whether Defendant violated Labor Code § 226(a) and Wage Order 4-

5    2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11040 by

6    failing to issue accurate and complete itemized wage statements;

7    e.    Whether Defendant violated §§ 201-203 of the Labor Code by failing to

8    pay compensation due and owing at the time that any Proposed Class Member's employment

9    with Defendant terminated;

10    f.    Whether Defendant violated § 17200, *et seq.* of the Business &

11    Professions Code by engaging in the acts previously alleged; and

12    g.    Whether Plaintiff and the members of the Proposed Class are entitled to

13    equitable relief pursuant to Business & Professions Code § 17200, *et seq.*

14    **C.    Typicality**

15    34.    The claims of Plaintiff are typical of the claims of the Proposed Class.  Plaintiff

16    and all members of the Proposed Class sustained injuries and damages arising out of and caused

17    by Defendant's common course of conduct in violation of laws, regulations that have the force

18    and effect of law, and statutes as alleged herein.

19    **D.    Adequacy of Representation**

20    35.    Plaintiff will fairly and adequately represent and protect the interests of the

21    members of the Proposed Class.  Counsel who represent Plaintiff and the Proposed Class are

22    competent and experienced in litigating large employment class actions.

23    **E.    Superiority of Class Action**

24    36.    A class action is superior to other available means for the fair and efficient

25    adjudication of this controversy.  Individual joinder of all Proposed Class Members is not

26    practicable, and questions of law and fact common to the Proposed Class predominate over any

27    questions affecting only individual members of the Proposed Class.  Each member of the

28    Proposed Class has been damaged and is entitled to recovery by reason of Defendant's illegal

Aaron's, Inc.
Legal
June 3, 2020

policy and/or practice of failing to pay wages for all hours worked at the proper rate, failing to provide meal periods, failing to provide rest periods, failing to provide accurate itemized wage statements, and failing to pay all wages upon resignation or termination.

37.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES/OVERTIME

### VIOLATION OF LABOR CODE §§ 510, 1194, AND 1199

38.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

39.    Labor Code § 510(a) states that eight hours of labor constitutes a day's work and any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek must be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.    Labor Code §§ 1194, 1197, and 1199 require an employer to pay its employees the legal minimum wage and the legal overtime compensation applicable. California law also requires that any compensation, including a health and welfare fringe benefits, must be included in the regular rate of pay.

40.    Defendant has had a consistent policy of failing to pay wages and/or overtime to Plaintiff and the Proposed Class when they worked overtime.    Defendant has had a consistent policy of failing to pay proper wages and/or overtime to Plaintiff and the Proposed Class. Defendant failed to include the incentive pay in Plaintiff's and the Proposed Class Members' regular rate of pay in pay periods where they also worked overtime and/or double time. Defendant's policies and procedures resulted in the underpayment of wages and/or overtime.

41.    Plaintiff and the Proposed Class were forced to work on a regular and consistent basis without receiving compensation for all hours worked at the proper rate.    Specifically,

Aaron's, Inc.
Legal
June 3, 2020

Plaintiff and the Proposed Class were not paid at the proper overtime rate when they were working more than eight (8) hours in one day or forty (40) hours in one week.

42.    By their policy of requiring Plaintiff and the Proposed Class to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating them at the rate of one-half (1 1/2) their regular rate of pay, Defendant willfully violated the provisions of Labor Code §§ 510, 1194, 1197, and 1199.

43.    As a result of the unlawful acts of Defendant, Plaintiff and the Proposed Class have been deprived of wages and overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs.

**VII**

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS PURSUANT TO LABOR CODE § 226.7**

**AND LABOR CODE § 512**

44.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

45.    Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a first meal period of at least thirty (30) minutes for shifts over five (5) hours, to be provided within the first five (5) hours of the shift. Defendant failed to maintain a policy informing Plaintiff and the Proposed Class of these rights.

46.    Plaintiff and the Proposed Class consistently worked shifts over five (5) hours.

47.    Defendant failed to provide Plaintiff and the Proposed Class with proper meal periods of not less than thirty (30) minutes as required by the Labor Code during the relevant time period. When Defendant provided these meal periods, they were often less than thirty (30) minutes in length.

48.    Pursuant to Labor Code § 226.7, Plaintiff and the Proposed Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal break, per day in a sum to be proven at trial.

CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

## VIII

### THIRD CAUSE OF ACTION

### FAILURE TO ALLOW REST PERIODS PURSUANT TO LABOR CODE § 226.7

49.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

50.     Labor Code § 226.7 require an employer to pay an additional hour (1) of compensation for each rest period the employer fails to provide.  Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked (or major fraction thereof). Defendant failed to maintain a policy informing Plaintiff and the Proposed Class of this right.

51.     Plaintiff and the Proposed Class consistently worked shifts with no rest breaks or with only some of their required rest breaks, and Defendant failed to maintain an accurate policy advising Plaintiff and the Proposed Class of these rest breaks and failed to provide Plaintiff and the Proposed Class with rest breaks of not less than ten (10) minutes as required by the Labor Code during the relevant time period.

52.     Pursuant to Labor Code § 226.7, Plaintiff and the Proposed Class are entitled to damages in an amount equal to one (1) hour of wages per missed rest period, in a sum to be proven at trial.

## IX

### FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226(a)

53.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

54.     California Labor Code § 226(a) requires employers to itemize in wage statements all deductions from payment of wages, the appropriate rates of pay, and to accurately report total hours worked by Plaintiff and the Proposed Class.

55.     Labor Code § 226(a)(2) requires that the itemized wage statement properly state the total hours worked by the employee.  Plaintiff and the Proposed Class are issued wage statements that do not state the total hours worked during the pay period.

11

Aaron's, Inc.
Legal
June 3, 2020

56.     Labor Code § 226(a)(9) requires that every employer shall semimonthly or at the time of each payment of wages, furnish each of his or her employees, an accurate itemized statement in writing showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Plaintiff and the Proposed Class are issued wage statements that do not include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

57.     Defendant's failure to provide accurate itemized wages statements according to Labor Code § 226(a) was all done on a regular and consistent basis.

58.     An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

## X

## FIFTH CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE § 203

59.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

60.     Numerous members of the Proposed Class including the Plaintiff are no longer employed by Defendant. They were either fired or quit Defendant's employ.

61.     Defendant's failure to pay wages, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiff and the Proposed Class to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

62.     Defendant has failed to pay Plaintiff and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation and have failed to pay those

Aaron's, Inc.
Legal
June 3, 2020

1    sums for thirty (30) days thereafter.  Pursuant to the provisions of Labor Code § 203, Plaintiff

2    and the Proposed Class are entitled to a penalty in the amount of Plaintiff's and the Proposed

3    Class Members' daily wage multiplied by thirty (30) days.

4                                                                    XI

5                                              **SIXTH CAUSE OF ACTION**

6                                    **UNFAIR COMPETITION PURSUANT TO**

7                             **BUSINESS & PROFESSIONS CODE § 17200**

8          63.    Plaintiff incorporates each and every allegation set forth in all of the foregoing

9    paragraphs as if fully set forth herein.

10         64.    This is a Class Action for Unfair Business Practices.  Plaintiff, on behalf of

11   himself, on behalf of the general public, and on behalf of the Proposed Class, brings this claim

12   pursuant to Business & Professions Code § 17200, *et seq*.  The conduct of Defendant as alleged

13   in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the

14   general public, and the Proposed Class.  Plaintiff seeks to enforce important rights affecting the

15   public interest within the meaning of Code of Civil Procedure § 1021.5.

16         65.    Plaintiff is a "person" within the meaning of Business & Professions Code

17   § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution,

18   and other appropriate equitable relief.

19         66.    Business & Profession Code § 17200, *et seq*. prohibits unlawful and unfair

20   business practices.

21         67.    California's wage and hour laws express fundamental public policies.  Providing

22   employees with proper wages and compensation are fundamental public policies of this State

23   and of the United States.  Labor Code § 90.5(a) articulates the public policies of this State to

24   enforce vigorously minimum labor standards, to ensure that employees are not required or

25   permitted to work under substandard and unlawful conditions, and to protect law-abiding

26   employers and their employees from competitors who lower their costs by failing to comply

27   with minimum labor standards.

28         68.    Defendant has violated statutes and public policies as alleged herein.  Through

                                                              13

Aaron's, Inc.
Legal
June 3, 2020

the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, *et seq*., depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

69.     Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200, *et seq*. of the Business & Professions Code.

70.     Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful.  As such it is a violation of § 17200, *et seq*. of the Business & Professions Code.

71.     As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

72.     Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above.  Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiff and the Proposed Class the money Defendant has unlawfully failed to pay.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for the following relief:

1.     For compensatory damages in the amount of unpaid wages and/or overtime not paid to Plaintiff and each Proposed Class Member from at least four (4) years prior to the filing of this action to the present as may be proven;

2.     For compensatory damages in the amount of Plaintiff's and each Proposed Class Members' hourly wage for each meal period missed or taken late from at least four (4) years prior to the filing of this action to the present as may be proven;

3.     For compensatory damages in the amount of Plaintiff's and each Proposed Class

14

Aaron's, Inc.
Legal
June 3, 2020

Members' hourly wage for each rest period missed or taken late from at least four (4) years prior to the filing of this action to the present as may be proven;

4.    For penalties pursuant to Labor Code § 226(e) for violation of Labor Code § 226(a) in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000);

5.    For penalties pursuant to Labor Code § 203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days;

6.    An award of prejudgment and post judgment interest;

7.    An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiff and the Proposed Class with proper wages and/or overtime at the proper rate, meal periods, rest periods, accurate itemized wage statements, and wages upon termination/resignation pursuant to Labor Code §§ 203, 226(a), 226.7, 510, 512, 1194, 1199, and IWC 4-2001;

8.    For restitution for unfair competition pursuant to Business & Professions Code § 17200, *et seq*., including disgorgement or profits, in an amount as may be proven;

9.    An award providing for payment of costs of suit;

10.   An award of attorney's fees; and

11.   Such other and further relief as this Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: January 29, 2020                KINGSLEY & KINGSLEY, APC

By: _____
DARREN M. COHEN
*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

1  DARREN M. COHEN, Esq., Cal. Bar No. 221938
   dcohen@kingsleykingsley.com
2  **KINGSLEY & KINGSLEY, APC**
   16133 Ventura Blvd., Suite 1200
3  Encino, CA 91436
   Telephone: (818) 990-8300
4  Fax: (818) 990-2903

5  Attorneys for Plaintiff and the Proposed Class

6

7

```
FILED/ENDORSED
┌─────────────────┐
│  MAY 08 2020    │
└─────────────────┘
By: ___K. Spichka___
        Deputy Clerk
```

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **FOR THE COUNTY OF SACRAMENTO**

10

11  LUIS H. CASTRO CARDENAS, an                    Case No.: 34-2020-00274403
    individual, on behalf of himself and others
12  similarly situated,                            **FIRST AMENDED CLASS ACTION**
                                                   **COMPLAINT**
13

14              Plaintiff,                         1.  Failure to Pay Wages and/or Overtime
                                                       Under Labor Code §§ 510, 1194, 1197,
15      vs.                                            and 1199
                                                   2.  Failure to Provide Meal Periods Pursuant
16                                                     to Labor Code §§ 226.7 and 512
                                                   3.  Failure to Provide Rest Periods Pursuant to
17  AARON'S, INC.; and DOES 1 to 50,                  Labor Code § 226.7
    inclusive,                                     4.  Violation of Labor Code § 226(a)
18                                                 5.  Penalties Pursuant to Labor Code § 203
                                                   6.  Violation of Business & Professions Code
19                                                     § 17200
                                                   7.  Penalties Pursuant to Labor Code § 2699,
20              Defendants.                            *et seq.*

21                                                 **JURY TRIAL DEMANDED**

22

23          Plaintiff LUIS H. CASTRO CARDENAS, an individual, on behalf of himself, all others

24  similarly situated, complains of Defendant AARON'S, INC. ("Defendant") and each of them, as

25  follows:

26                                    **I**

27                              **INTRODUCTION**

28      1.    This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of

─────────────────────────────────────────────────────────────────────
                    FIRST AMENDED CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

1  Plaintiff and a Proposed Class defined as:

2  
3  
4  

> All persons who are employed or have been employed as an hourly employee by AARON'S, INC. in the State of California since four (4) years prior to the filing of this action to the present.

5        2.     From at least four (4) years prior to the filing of this action continuing to the

6  present, Defendant has had a consistent policy of failing to pay wages and/or overtime to all

7  hourly employees for all work perform at the proper rate of compensation. Defendant has had a

8  consistent policy of failing to pay proper wages and/or overtime to Plaintiff and the Proposed

9  Class. Defendant failed to include the incentive pay in Plaintiff's and the Proposed Class

10  Members' regular rate of pay in pay periods where they also worked overtime and/or double

11  time. Defendant's policies and procedures resulted in the underpayment of wages and/or

12  overtime.

13        3.     For at least four (4) years prior to the filing of this action and continuing to the

14  present, Defendant has had a consistent policy of failing to inform employees of their right to

15  take meal periods and requiring employees within the State of California, including Plaintiff, to

16  work at least five (5) hours without a meal period and failing to pay such employees one (1)

17  hour of pay at the employees' regular rate of compensation for each workday that the meal

18  period is not provided or provided after five (5) hours, as required by California state wage and

19  hour laws.

20        4.     For at least four (4) years prior to the filing of this action and continuing to the

21  present, Defendant has had a consistent policy of failing to inform employees of their right to

22  take rest periods and of failing to provide employees within the State of California, including

23  Plaintiff, rest periods of at least ten (10) minutes per four (4) hours worked or major fraction

24  thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of

25  compensation for each workday that the rest period was not provided, as required by California

26  state wage and hour laws.

27        5.     For at least four (4) year prior to the filing of this action continuing to the

28  present, Defendant has failed to comply with Labor Code § 226(a) by failing to include

FIRST AMENDED CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

necessary and required information on wage statements provided to Plaintiff and the Proposed Class. Defendant failed to include the total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

6.    Based on the allegations alleged above, from at least four (4) years prior to the filing of this action continuing to the present, Defendant has failed to pay all wages due at the time of termination or resignation to Plaintiff and the Proposed Class.

7.    Plaintiff, on behalf of himself and all Proposed Class Members brings this action pursuant to Labor Code §§ 203, 226(a), 226.7, 510, 512, 1194, 1197, 1199; Wage Order 4-2001; and California Code of Regulations, Title 8, Section 11040, seeking unpaid wages and/or overtime, meal break premiums, rest break premiums, penalties for accurate itemized wage statements, wages upon termination or resignation, other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

8.    Plaintiff, on behalf of himself and all Proposed Class Members, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

9.    Plaintiff, on behalf of himself and all members of the Proposed Class, brings this representative action pursuant to Labor Code § 2699, *et seq.* seeking penalties for Defendant's violation of California Labor Code §§ 203, 226(a), 226.7, 510, 512, 1194, 1197, and 1199.

## II

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution and California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

11.    This Court has personal jurisdiction over Defendant because Defendant has

FIRST AMENDED CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

1  caused injuries in the County of Sacramento and the State of California through their acts, and

2  by their violation of the California Labor Code, California state common law, and California

3  Business & Professions Code § 17200, *et seq.*

4       12.     Venue as to each Defendant is proper in this judicial district, pursuant to Code of

5  Civil Procedure § 395.  Defendant operates within California and does business within

6  Sacramento County.  The unlawful acts alleged herein have a direct effect on Plaintiff and all

7  Proposed Class Members within the State of California and the County of Sacramento.

8       13.     This case should be classified as complex according to Rule 3.400 of the

9  California Rules of Court, and assigned to a complex litigation judge and department, as it will

10  involve substantial documentary evidence, a large number of witnesses, and is likely to involve

11  extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

12  and would require substantial post judgment judicial supervision.

13                           **III**

14                          **PARTIES**

15  **A.**     **PLAINTIFF**

16       14.     Plaintiff LUIS H. CASTRO CARDENAS is a resident of California.

17       15.     Plaintiff and the Proposed Class Members were regularly required to:

18            a.     Work without being paid for all hours worked at the appropriate rate;

19            b.     Work without being provided their meal periods;

20            c.     Work without being provided their rest periods; and

21            d.     Work without Defendant maintaining accurate time records showing

22  when the employee begins and ends each work period, meal periods, and total daily hours

23  worked and work without being provided an accurate itemized wage statement that reflects all

24  deductions from payment of wages and accurately report total hours worked, including when the

25  employee begins and ends each work period, meal periods, and total daily hours worked, and

26  the applicable rates of pay by Plaintiff and Proposed Class Members.

27       16.     Defendant willfully failed to compensate Plaintiff and all Proposed Class

28  Members for wages at the termination of their employment with Defendant.

FIRST AMENDED CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

17.     As a result of this conduct, Defendant has engaged in unfair competition and unlawful business practices.

18.     Plaintiff, on behalf of himself and all members of the Proposed Class, brings this representative action pursuant to Labor Code § 2699, *et seq.* seeking penalties for Defendant's violation of California Labor Code §§ 203, 226(a), 226.7, 510, 512, 1194, 1197 and 1199.

**B.     DEFENDANTS**

19.     Defendant AARON'S, INC. is believed to be a Georgia corporation operating within the State of California.  Defendant's corporate address is believed to be 400 Galleria Parkway, S.E., Suite 300, Atlanta, GA 30339.  Upon information and belief, Defendant employed Plaintiff and similarly situated persons as employees within California.  Defendant has done and does business throughout the State of California.

20.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

21.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Proposed Class Members.

**IV**

**FACTUAL BACKGROUND**

22.     Plaintiff and the Proposed Class are, and at all times pertinent hereto, have been

5

Aaron's, Inc.
Legal
June 3, 2020

1 classified as employees by Defendant.

2        23.     Upon information and belief, Plaintiff and the Proposed Class are covered by

3 California Industrial Welfare Commission Occupational Wage Order No. 4-2001 (Title 8 Cal.

4 Code of Regs. § 11040).

5        24.     On a regular and consistent basis, Plaintiff and the Proposed Class were not paid

6 at the proper rate of compensation. Defendant has had a consistent policy of failing to pay

7 proper wages and/or overtime to Plaintiff and the Proposed Class. Defendant failed to include

8 the incentive pay in Plaintiff's and the Proposed Class Members' regular rate of pay in pay

9 periods where they also worked overtime and/or double time. Defendant's policies and

10 procedures resulted in the underpayment of wages and/or overtime.

11        25.     Plaintiff and the Proposed Class Members have been forced by Defendant to

12 work over five (5) hours in one day without being provided a thirty (30) minute uninterrupted

13 meal break and not being compensated one (1) hour of pay at the regular rate of compensation

14 for each workday that a meal period was not provided or provided after five (5) hours, all in

15 violation of California labor laws, regulations, and Industrial Welfare Commission Wage

16 Orders. Additionally, Defendant failed to inform Plaintiff and the Proposed Class of their right

17 to take meal periods by way of a lawful policy.

18        26.     Plaintiff and the Proposed Class have been required to work four hour increments

19 (or major fractions thereof) without being provided with a ten (10) minute rest period.

20 Additionally, Defendant failed to inform Plaintiff and the Proposed Class of their right to take

21 rest periods by way of a lawful policy.

22        27.     Defendant has failed to provide accurate itemized wage statements in compliance

23 with Labor Code § 226(a) by failing to maintain time records showing when the employee

24 begins and ends each work period, meal periods, total daily hours worked by itemizing in wage

25 statements all deductions from payment of wages, accurately reporting total hours and

26 applicable rates of pay for Plaintiff and Proposed Class Members.

27        28.     Defendant willfully failed to pay wages and compensation, when Plaintiff and all

28 Proposed Class Members quit or were discharged. Defendant failed to pay the wages described

1  above at the time of termination or resignation.   This failure was willful, without legal

2  justification, and interfered with Plaintiff's and the Proposed Class Members' rights.

3      29.    As a result of the facts alleged above, Defendant has engaged in unfair

4  competition and unlawful business practices.

5      30.    As a result of the acts alleged herein, Defendant violated Labor Code § 2699, *et*

6  *seq*.

7                                          **V**

8                      **CLASS ACTION ALLEGATIONS**

9      31.    Plaintiff brings this action on behalf of himself and all others similarly situated as

10 a Class Action pursuant to § 382 of the Code of Civil Procedure.   Plaintiff seeks to represent

11 proposed class composed of and defined as follows:

12             All persons who are employed or have been employed as a non-
               exempt employee by AARON'S, INC. in the State of California
13             since four (4) years prior to the filing of this action to the present.

14     32.    Plaintiff reserves the right under Rule 3.765(b) of the California Rules of Court

15 to amend or modify the class description with greater specificity, by division into subclasses, or

16 by limitation to particular issues.

17     33.    This action has been brought and may properly be maintained as a class action

18 under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined

19 community of interest in the litigation and the Proposed Class is easily ascertainable.

20 **A.    Numerosity**

21     34.    The potential members of the Proposed Class as defined are so numerous that

22 joinder of all the members of the Proposed Class is impracticable.   While the precise number of

23 Proposed Class Members has not been determined at this time, Plaintiff is informed and believes

24 that Defendant currently employ, and during the relevant time periods employed 50 to 99

25 members of the Proposed Class at any given time.

26     35.    Plaintiff alleges that Defendant's employment records would provide information

27 as to the number and location of all Proposed Class Members.   Joinder of all members of the

28

FIRST AMENDED CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

1   Proposed Class is not practicable.

2          **B.    Commonality**

3          36.    There are questions of law and fact common to the Proposed Class that

4   predominate over any questions affecting only individual Proposed Class Members.    These

5   common questions of law and fact include, without limitation:

6                  a.    Whether Defendant failed to pay wages and/or overtime to Plaintiff and

7   the Proposed Class as required by the Labor Code and Wage Orders under Labor Code §§ 510,

8   1194, 1197, and 1199;

9                  b.    Whether Defendant failed to provide all lawful meal periods or pay one

10  hour of wages in lieu thereof statements to Plaintiff and Proposed Class Members;

11                 c.    Whether Defendant failed to provide all lawful rest periods or pay one

12  hour of wages in lieu thereof statements to Plaintiff and Proposed Class Members;

13                 d.    Whether Defendant violated Labor Code § 226(a) and Wage Order 4-

14  2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11040 by

15  failing to issue accurate and complete itemized wage statements;

16                 e.    Whether Defendant violated §§ 201-203 of the Labor Code by failing to

17  pay compensation due and owing at the time that any Proposed Class Member's employment

18  with Defendant terminated;

19                 f.    Whether Defendant violated § 17200, *et seq.* of the Business &

20  Professions Code by engaging in the acts previously alleged;

21                 g.    Whether Plaintiff and the members of the Proposed Class are entitled to

22  equitable relief pursuant to Business & Professions Code § 17200, *et seq.*; and

23                 h.    Whether Defendant violated Labor Code § 2699, *et seq.* by engaging in

24  the acts alleged herein.

25         **C.    Typicality**

26         37.    The claims of Plaintiff are typical of the claims of the Proposed Class.    Plaintiff

27  and all members of the Proposed Class sustained injuries and damages arising out of and caused

28  by Defendant's common course of conduct in violation of laws, regulations that have the force

Aaron's, Inc.
Legal
June 3, 2020

1   and effect of law, and statutes as alleged herein.

2   **D.      Adequacy of Representation**

3       38.    Plaintiff will fairly and adequately represent and protect the interests of the

4   members of the Proposed Class. Counsel who represent Plaintiff and the Proposed Class are

5   competent and experienced in litigating large employment class actions.

6   **E.      Superiority of Class Action**

7       39.    A class action is superior to other available means for the fair and efficient

8   adjudication of this controversy. Individual joinder of all Proposed Class Members is not

9   practicable, and questions of law and fact common to the Proposed Class predominate over any

10  questions affecting only individual members of the Proposed Class. Each member of the

11  Proposed Class has been damaged and is entitled to recovery by reason of Defendant's illegal

12  policy and/or practice of failing to pay wages for all hours worked at the proper rate, failing to

13  provide meal periods, failing to provide rest periods, failing to provide accurate itemized wage

14  statements, and failing to pay all wages upon resignation or termination.

15      40.    Class action treatment will allow those similarly situated persons to litigate their

16  claims in the manner that is most efficient and economical for the parties and the judicial

17  system. Plaintiff is unaware of any difficulties that are likely to be encountered in the

18  management of this action that would preclude its maintenance as a class action.

19                                      **VI**

20                          **FIRST CAUSE OF ACTION**

21                    **FAILURE TO PAY WAGES/OVERTIME**

22          **VIOLATION OF LABOR CODE §§ 510, 1194, AND 1199**

23      41.    Plaintiff incorporates each and every allegation set forth in all of the foregoing

24  paragraphs as if fully set forth herein.

25      42.    Labor Code § 510(a) states that eight hours of labor constitutes a day's work and

26  any work in excess of eight hours in one workday and any work in excess of 40 hours in any

27  one workweek must be compensated at the rate of no less than one and one-half times the

28  regular rate of pay for an employee. Labor Code §§ 1194, 1197, and 1199 require an employer

                                         9

Aaron's, Inc.
Legal
June 3, 2020

1  to pay its employees the legal minimum wage and the legal overtime compensation applicable.

2  California law also requires that any compensation, including a health and welfare fringe

3  benefits, must be included in the regular rate of pay.

4      43.    Defendant has had a consistent policy of failing to pay wages and/or overtime to

5  Plaintiff and the Proposed Class when they worked overtime.  Defendant has had a consistent

6  policy of failing to pay proper wages and/or overtime to Plaintiff and the Proposed Class.

7  Defendant failed to include the incentive pay in Plaintiff's and the Proposed Class Members'

8  regular rate of pay in pay periods where they also worked overtime and/or double time.

9  Defendant's policies and procedures resulted in the underpayment of wages and/or overtime.

10      44.    Plaintiff and the Proposed Class were forced to work on a regular and consistent

11  basis without receiving compensation for all hours worked at the proper rate.  Specifically,

12  Plaintiff and the Proposed Class were not paid at the proper overtime rate when they were

13  working more than eight (8) hours in one day or forty (40) hours in one week.

14      45.    By their policy of requiring Plaintiff and the Proposed Class to work in excess of

15  eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating them

16  at the rate of one-half (1 1/2) their regular rate of pay, Defendant willfully violated the

17  provisions of Labor Code §§ 510, 1194, 1197, and 1199.

18      46.    As a result of the unlawful acts of Defendant, Plaintiff and the Proposed Class

19  have been deprived of wages and overtime in amounts to be determined at trial, and are entitled

20  to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs.

21  VII

22  **SECOND CAUSE OF ACTION**

23  **FAILURE TO PROVIDE MEAL PERIODS PURSUANT TO LABOR CODE § 226.7**

24  **AND LABOR CODE § 512**

25      47.    Plaintiff incorporates each and every allegation set forth in all of the foregoing

26  paragraphs as if fully set forth herein.

27      48.    Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of

28  compensation for each meal period the employer fails to provide.  Employees are entitled to a

10

Aaron's, Inc.
Legal
June 3, 2020

first meal period of at least thirty (30) minutes for shifts over five (5) hours, to be provided within the first five (5) hours of the shift.  Defendant failed to maintain a policy informing Plaintiff and the Proposed Class of these rights.

49.    Plaintiff and the Proposed Class consistently worked shifts over five (5) hours.

50.    Defendant failed to provide Plaintiff and the Proposed Class with proper meal periods of not less than thirty (30) minutes as required by the Labor Code during the relevant time period.  When Defendant provided these meal periods, they were often less than thirty (30) minutes in length.

51.    Pursuant to Labor Code § 226.7, Plaintiff and the Proposed Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal break, per day in a sum to be proven at trial.

## VIII

### THIRD CAUSE OF ACTION

### FAILURE TO ALLOW REST PERIODS PURSUANT TO LABOR CODE § 226.7

52.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

53.    Labor Code § 226.7 require an employer to pay an additional hour (1) of compensation for each rest period the employer fails to provide.  Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked (or major fraction thereof).  Defendant failed to maintain a policy informing Plaintiff and the Proposed Class of this right.

54.    Plaintiff and the Proposed Class consistently worked shifts with no rest breaks or with only some of their required rest breaks, and Defendant failed to maintain an accurate policy advising Plaintiff and the Proposed Class of these rest breaks and failed to provide Plaintiff and the Proposed Class with rest breaks of not less than ten (10) minutes as required by the Labor Code during the relevant time period.

55.    Pursuant to Labor Code § 226.7, Plaintiff and the Proposed Class are entitled to damages in an amount equal to one (1) hour of wages per missed rest period, in a sum to be proven at trial.

11

Aaron's, Inc.
Legal
June 3, 2020

## IX

### FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226(a)

56.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

57.    California Labor Code § 226(a) requires employers to itemize in wage statements all deductions from payment of wages, the appropriate rates of pay, and to accurately report total hours worked by Plaintiff and the Proposed Class.

58.    Labor Code § 226(a)(2) requires that the itemized wage statement properly state the total hours worked by the employee.  Plaintiff and the Proposed Class are issued wage statements that do not state the total hours worked during the pay period.

59.    Labor Code § 226(a)(9) requires that every employer shall semimonthly or at the time of each payment of wages, furnish each of his or her employees, an accurate itemized statement in writing showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  Plaintiff and the Proposed Class are issued wage statements that do not include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

60.    Defendant's failure to provide accurate itemized wages statements according to Labor Code § 226(a) was all done on a regular and consistent basis.

61.    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

///

///

12

Aaron's, Inc.
Legal
June 3, 2020

**X**

## FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE § 203

62.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

63.     Numerous members of the Proposed Class including the Plaintiff are no longer employed by Defendant.  They were either fired or quit Defendant's employ.

64.     Defendant's failure to pay wages, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiff and the Proposed Class to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

65.     Defendant has failed to pay Plaintiff and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter.  Pursuant to the provisions of Labor Code § 203, Plaintiff and the Proposed Class are entitled to a penalty in the amount of Plaintiff's and the Proposed Class Members' daily wage multiplied by thirty (30) days.

**XI**

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE § 17200

66.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

67.     This is a Class Action for Unfair Business Practices.  Plaintiff, on behalf of himself, on behalf of the general public, and on behalf of the Proposed Class, brings this claim pursuant to Business & Professions Code § 17200, *et seq.*  The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the Proposed Class.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

13

Aaron's, Inc.
Legal
June 3, 2020

68.     Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

69.     Business & Profession Code § 17200, *et seq*. prohibits unlawful and unfair business practices.

70.     California's wage and hour laws express fundamental public policies.  Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States.  Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

71.     Defendant has violated statutes and public policies as alleged herein.  Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, *et seq*., depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

72.     Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200, *et seq*. of the Business & Professions Code.

73.     Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful.  As such it is a violation of § 17200, *et seq*. of the Business & Professions Code.

74.     As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

75.     Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above.  Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the

14

Aaron's, Inc.
Legal
June 3, 2020

1 | use or employment by Defendant, its agents, or employees, of any unlawful or deceptive

2 | practices prohibited by the Business & Professions Code, and/or, including but not limited to,

3 | restitution and disgorgement of profits which may be necessary to restore Plaintiff and the

4 | Proposed Class the money Defendant has unlawfully failed to pay.

5 | **XII**

6 | **SEVENTH CAUSE OF ACTION**

7 | **PENALTIES PURSUANT TO LABOR CODE § 2699, ET SEQ.**

8 | 76.  Plaintiff incorporates each and every allegation set forth in all of the foregoing

9 | paragraphs as if fully set forth herein.

10 | 77.  As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code

11 | § 2699, *et seq.* because of Defendant's violation of Labor Code §§ 203, 226(a), 226.7, 510, 512,

12 | 1194, 1197, and 1199, which call for civil penalties.

13 | 78.  For each such violation, Plaintiff and all other aggrieved employees are entitled

14 | to penalties in an amount to be shown at the time of trial subject to the following formula:

15 | a.  $100 for the initial violation per employee per pay period; and

16 | b.  $200 for each subsequent violation per employee per pay period.

17 | 79.  These penalties will be allocated 75% to the Labor Workforce Development

18 | Agency and 25% to the affected employees.

19 | 80.  On January 29 2020, in compliance with Labor Code § 2699.3(a)(1), Plaintiff

20 | gave written notice by online filing to the LWDA, setting forth the facts and theories of the

21 | violations alleged against Defendant ("Notice Letter", see Exhibit "1") and paid the filing fee.

22 | Plaintiff also mailed notice to Defendant by certified mail, return receipt requested, to the

23 | address listed on the California Secretary of State's website as the entity address for AARON'S

24 | INC., which is 400 Galleria Parkway, S.E., Suite 300, Atlanta, GA 30339.  (See Exhibit "2").

25 | 81.  Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff

26 | from the LWDA evidencing its intention to investigate within sixty-five (65) calendar days of

27 | January 29, 2020.  Therefore, Plaintiff is entitled to commence a civil action as though the

28 | LWDA has chosen not to investigate.  Plaintiff will also provide the LWDA with a filed-

FIRST AMENDED CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

1  stamped copy of the First Amended Complaint immediately.

2  **RELIEF REQUESTED**

3  **WHEREFORE,** Plaintiff prays for the following relief:

4  1.      For compensatory damages in the amount of unpaid wages and/or overtime not

5  paid to Plaintiff and each Proposed Class Member from at least four (4) years prior to the filing

6  of this action to the present as may be proven;

7  2.      For compensatory damages in the amount of Plaintiff's and each Proposed Class

8  Members' hourly wage for each meal period missed or taken late from at least four (4) years

9  prior to the filing of this action to the present as may be proven;

10  3.      For compensatory damages in the amount of Plaintiff's and each Proposed Class

11  Members' hourly wage for each rest period missed or taken late from at least four (4) years prior

12  to the filing of this action to the present as may be proven;

13  4.      For penalties pursuant to Labor Code § 226(e) for violation of Labor Code

14  § 226(a) in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs

15  and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not

16  exceeding an aggregate penalty of four thousand dollars ($4,000);

17  5.      For penalties pursuant to Labor Code § 203 for all employees who were

18  terminated or resigned equal to their daily wage times thirty (30) days;

19  6.      An award of prejudgment and post judgment interest;

20  7.      An order enjoining Defendant and its agents, servants, and employees, and all

21  persons acting under, in concert with, or for it from providing Plaintiff and the Proposed Class

22  with proper wages and/or overtime at the proper rate, meal periods, rest periods, accurate

23  itemized wage statements, and wages upon termination/resignation pursuant to Labor Code

24  §§ 203, 226(a), 226.7, 510, 512, 1194, 1199, and IWC 4-2001;

25  8.      For restitution for unfair competition pursuant to Business & Professions Code

26  § 17200, *et seq.*, including disgorgement or profits, in an amount as may be proven;

27  9.      For penalties and other relief pursuant to Labor Code § 2699, *et seq.*;

28  10.     An award providing for payment of costs of suit;

16

Aaron's, Inc.
Legal
June 3, 2020

11.     An award of attorney's fees; and

12.     Such other and further relief as this Court may deem proper and just.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: April 24, 2020                    KINGSLEY & KINGSLEY, APC

By: _____

DARREN M. COHEN
*Attorneys for Plaintiff and the Proposed Class*

FIRST AMENDED CLASS ACTION COMPLAINT

Aaron's, Inc.
Legal
June 3, 2020

# EXHIBIT 1

Aaron's, Inc.
Legal
June 3, 2020

**From:**      noreply@salesforce.com on behalf of LWDA DO NOT REPLY
**To:**        Service Email
**Subject:**   Thank you for submission of your PAGA Case.
**Date:**      Wednesday, January 29, 2020 4:21:54 PM

1/29/2020

LWDA Case No. LWDA-CM-769508-20
Law Firm : Kingsley & Kingsley
Plaintiff Name : Luis H. Castro Cardenas
Employer: Aaron's, Inc.

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

# KINGSLEY & KINGSLEY
**I LAWYERS I**

January 29, 2020

PAGAfilings@dir.ca.gov
https://dir.tfaforms.net/260

LABOR & WORKFORCE DEVELOPMENT AGENCY
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

AARON'S, INC.
400 Galleria Parkway, S.E., Suite 300
Atlanta, GA 30339
Certified Mailing: # 7018 1130 0001 5815 1307

Re:    LUIS H. CASTRO CARDENAS V. AARON'S, INC.
       *California Labor Code § 2699 Penalties*

Gentlepersons:

This office represents Luis H. Castro Cardenas ("Plaintiff") for the violations of California Labor Code §§ 203, 226(a), 226.7, 510, 512, 1194, 1197, and 1199. The purpose of this letter is to comply with the Private Attorneys General Act of 2004, pursuant to California Labor Code § 2698, *et seq*. We herein set forth the facts and theories of California Labor Code violations, which we allege Aaron's, Inc. ("Defendant") engaged in with respect to our client and all of their California employees.

Specifically, Defendant has violated Labor Code §§ 510, 1194, 1197, and 1199. These statutes require an employer to compensate its employees at the minimum wage rate for all hours worked and at a rate of no less than one and one-half times the regular rate of pay for any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek. On a regular and consistent basis, Defendant has had a consistent policy of failing to pay wages and/or overtime to Plaintiff and the aggrieved employees for all hours worked. Defendant issued incentive pay to Plaintiff and the aggrieved employees. However, Defendant failed to include any such incentive pay in Plaintiff's and the aggrieved employees' regular rate of pay in pay periods where they also worked overtime. As such, Plaintiff and the aggrieved employees were paid at a regular rate less than the rate required under California law.

In addition, Labor Code § 512 states that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not

Aaron's, Inc.
Legal
June 3, 2020

LABOR & WORKFORCE DEVELOPMENT AGENCY
AARON'S, INC.
*California Labor Code § 2699 Penalties*
January 29, 2020
Page 2 of 3

less than thirty (30) minutes. Additionally, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes. Pursuant to Labor Code § 226.7(c), if an employer fails to provide an employee with a lawful meal period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that a thirty-minute uninterrupted meal period was not provided, was not provided in full, or was not provided in a timely manner.

Defendant failed to apprise Plaintiff and the aggrieved employees of their rights associated with meal periods and failed to provide compliant meal periods. Defendant required Plaintiff and the aggrieved employees to work shifts without providing them with meal periods. When employees were required to work through meal periods, Defendant failed to pay such employees one hour of pay at their regular rate of compensation.

Further, pursuant to Labor Code § 226.7 and Wage Order 4-2001, Defendant failed to provide Plaintiff and the aggrieved employees with rest breaks of not less than ten (10) minutes per four (4) hour work period, or major fraction thereof. Defendant failed to provide Plaintiff and the aggrieved employees with these rest periods and failed to inform them of their right to rest periods. Further, Plaintiff and the aggrieved employees were not compensated with one (1) hour of wages for each missed rest period as required by Labor Code § 226.7.

Defendant engaged in a practice of failing to provide accurate itemized wage statements in violation of Labor Code § 226(a), which requires that every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, an accurate itemized statement in writing showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Specifically, Labor Code § 226(a)(2) requires that the itemized wage statement properly state the total hours worked by the employee. Plaintiff and the aggrieved employees are issued wage statements that do not state the total hours worked during the pay period. Labor Code § 226(a)(9) requires that the itemized wage statement properly state all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Plaintiff and the aggrieved employees are issued wage statements that do not include the applicable regular rate, overtime rate, and double time rates. In addition, Plaintiff and the aggrieved employees are issued wage statements that do not include the correct number of hours worked at each applicable hourly rate and do not include meal/rest period premiums. Thus, Plaintiff is aggrieved employees within the meaning PAGA and Defendant has violated Labor Code § 226(a) with respect to Plaintiff and the aggrieved employees.

Lastly, Defendant failed to pay Plaintiff and the aggrieved employees all wages at the time of termination or within seventy-two (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter.

Aaron's, Inc.
Legal
June 3, 2020

LABOR & WORKFORCE DEVELOPMENT AGENCY
AARON'S, INC.
*California Labor Code § 2699 Penalties*
January 29, 2020
Page 3 of 3


Defendant's failure to provide wages and/or overtime for all hours worked and at the proper rate, failure to provide meal and rest periods, failure to provide compliant itemized wage statements, and failure to pay all wages upon termination/resignation were all done on a regular and consistent basis.

We are constrained to move forward with the filing of this complaint alleging causes of action pursuant to Labor Code §§ 203, 226(a), 226.7, 510, 512, 1194, and 1199, with or without the PAGA claim. Thus, any action by the LWDA would not resolve the entirety of the case, and the interest of judicial economy will be served by allowing the case to proceed as a cohesive whole.


Very truly yours,

KINGSLEY & KINGSLEY, APC

By: _____
DARREN M. COHEN

DMC/mt

LWDA Filed Electronic Submission via https://dir.tfaforms.net/260
VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
AARON'S, INC. # *7018 1130 0001 5815 1307*

Aaron's, Inc.
Legal
June 3, 2020

# EXHIBIT 2

Aaron's, Inc.
Legal
June 3, 2020

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Aaron's Inc.
400 Galleria Parkway, S.E., Suite 300
Atlanta, GA 30339

9590 9402 4353 8190 4076 97

2. Article Number (Transfer from service label)

7018 1130 0001 5815 1307

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _J. Burkes_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

J Burkes   2/4/20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

Aaron's, Inc.
Legal
June 3, 2020

USPS TRACKING #

9590 9402 4353 8190 4076 97

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

KINGSLEY & KINGSLEY
A PROFESSIONAL CORPORATION
CITY NATIONAL BANK BUILDING
16133 VENTURA BOULEVARD, SUITE 1200
ENCINO, CALIFORNIA 91436

PAGA LETTER
AARON'S, INC.

# *Exhibit B*

*Exhibit B*

1   SEYFARTH SHAW LLP
    Christian J. Rowley (SBN 187293)
2   *crowley@seyfarth.com*
    Michael A. Wahlander (SBN 260781)
3   *mwahlander@seyfarth.com*
    Nolan R. Theurer (SNB 323563)
4   *ntheurer@seyfarth.com*
    560 Mission Street, 31st Floor
5   San Francisco, California 94105
    Telephone:    (415) 397-2823
6   Facsimile:    (415) 397-8549

7   SEYFARTH SHAW LLP
    Sophia S. Kwan (SBN 257666)
8   *skwan@seyfarth.com*
    400 Capitol Mall, Suite 2350
9   Sacramento, California 95814-4428
    Telephone:    (916) 448-0159
10  Facsimile:    (916) 558-4839

11  Attorneys for Defendant
    AARON'S, INC.

12

13             SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                FOR THE COUNTY OF SACRAMENTO

15

| | |
|---|---|
| 16  LUIS H. CASTRO CARDENAS, an individual, )<br>on behalf of himself and others similarly )<br>17  situated, )<br> )<br>18            Plaintiff, )<br> )<br>19      v. )<br> )<br>20  AARON'S, INC., and DOES 1 through 50, )<br>inclusive, )<br>21   )<br>            Defendants. )<br>22 | Case No. 34-2020-00274403<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br><br>Complaint Filed: January 29, 2020<br>FAC Filed: May 8, 2020 |

23

24

25

26

27

28

Defendant Aaron's, Inc. ("Defendant") answers Plaintiff's First Amended Class Action Complaint ("FAC") filed on May 8, 2020, filed on behalf of himself and all others similarly situated, as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation, and each purported cause of action contained in Plaintiff's FAC. Defendant further denies, generally and specifically, that Plaintiff has been damaged in any amount, or at all, by reason of any alleged act or omission of Defendant. Defendant further denies, generally and specifically, that Plaintiff has suffered any loss of wages, or that he is entitled to any overtime, wages, penalties, compensation, benefits or restitution, or any other legal or equitable relief within the jurisdiction of this Court.

## DEFENSES

In further answer to Plaintiff's FAC, Defendant alleges the following defenses. Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST DEFENSE

### (Failure to State a Claim - All Causes of Action)

Plaintiff's FAC, and each purported cause of action alleged therein, in whole or in part, fails to state facts sufficient to constitute a cause of action or claim for relief against Defendant.

### SECOND DEFENSE

### (Statute of Limitations - All Causes of Action)

Plaintiff's FAC, and each purported cause of action alleged therein, in whole or in part, are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 337, 338(a), 339(1), 340, and 343, and Business and Professions Code section 17208.

//

**THIRD DEFENSE**

**(Unclean Hands - All Causes of Action)**

Plaintiff's FAC, and each purported cause of action alleged therein is barred, in whole or in part, by the doctrine of unclean hands.

**FOURTH DEFENSE**

**(Estoppel/Waiver - All Causes of Action)**

Plaintiff's claims, and the claims of those he seeks to represent, are barred by the equitable doctrines of estoppel and waiver.

**FIFTH DEFENSE**

**(*Res Judicata* & Collateral Estoppel - All Causes of Action)**

Plaintiff's FAC, and each purported cause of action alleged therein, is barred by the doctrines of *res judicata* and/or collateral estoppel, to the extent that Plaintiff and/or any individual he seeks to represent has asserted in any prior legal or administrative proceeding that they were entitled to payment for wages, overtime, business expense reimbursement, meal break premiums, rest break premiums, damages, liquidated damages, or penalties pursuant to the IWC Wage Orders and/or California Labor Code, or remedies under the California Business and Professions Code, and did not prevail on or recovered from such claim and/or such claims were dismissed by the Court.

**SIXTH DEFENSE**

**(Not Compensable Time - All Causes of Action)**

Plaintiff's claims, and the claims of those he seeks to represent, are precluded because they seek compensation and civil penalties for time that is not compensable work time including, but not limited to, unauthorized work, work performed without Defendant's knowledge, and work not subject to or under Defendant's control.

**SEVENTH DEFENSE**

**(*De Minimis* - All Causes of Action)**

Plaintiff's FAC seeks compensation for time which, even if in fact worked, was *de minimis* and therefore is not recoverable.

//

### EIGHTH DEFENSE

### (Not Hours Worked - All Causes of Action)

Plaintiff's claims, and the claims of those he seeks to represent, are barred because the hours Plaintiff alleges were worked are not "hours worked" within the meaning of applicable law.

### NINTH DEFENSE

### (No Knowledge Of Hours Worked - All Causes of Action)

Plaintiff's claims, and the claims of those he seeks to represent, are barred to the extent Defendant did not have actual or constructive knowledge of any timely, full, or duty-free meal or rest breaks allegedly denied to, or any unpaid hours worked by, Plaintiff or any individual he seeks to represent.

### TENTH DEFENSE

### (Offset - All Causes of Action)

To the extent that Plaintiff and/or the individuals he seeks to represent are entitled to damages or penalties, Defendant is entitled to an offset for any payments of wages or other remuneration previously provided to Plaintiff and/or the individuals he seeks to represent.

### ELEVENTH DEFENSE

### (Overtime - First, Fourth, Fifth, Sixth, and Seventh Causes of Action)

To the extent Plaintiff or any individuals he seeks to represent were paid overtime compensation at the legally required rate for hours worked in excess of 8 hours in a day or 40 hours in a week, their overtime claims are barred.

### TWELFTH DEFENSE

### (Meal Periods Provided and Taken - Second, Fourth, Fifth, Sixth, and Seventh Causes of Action)

Plaintiff and/or any individual he seeks to represent are barred from recovering any damages, penalties or any other type of relief from Defendant for the purported failure to provide statutorily required meal periods under the California Labor Code and the IWC Wage Orders because, at all relevant times, meal periods satisfying all applicable statutory requirements were provided to them, they were not prevented or discouraged by Defendant from taking such meal periods, they took meal periods, and/or they voluntarily chose not to take such periods provided.

**THIRTEENTH DEFENSE**

**(Waiver of Meal and Rest Periods- Second throuth Seventh Causes of Action)**

Plaintiff claims and the claims of those individuals he seeks to represent are barred by the doctrine of waiver from recovering meal period payments under the California Labor Code and IWC Wage Orders to the extent they waived some or all of their meal periods.

**FOURTEENTH DEFENSE**

**(Rest Periods Authorized, Permitted, and Taken - Third through Seventh Causes of Action)**

Plaintiff and/or the individuals he seeks to represent are barred from recovering any damages, penalties or any other type of relief from Defendant for the purported failure to authorize and permit statutorily required rest periods under the California Labor Code and the IWC Wage Orders because, at all relevant times, rest periods satisfying all applicable statutory requirements were made available to them, they were not prevented or discouraged by Defendant from taking such rest periods, they took rest periods, and/or voluntarily chose not to take such periods provided.

**FIFTEENTH DEFENSE**

**(Missed Meal and Rest Breaks Paid - Second through Seventh Causes of Action)**

To the extent that Plaintiff or any of the putative class members were paid additional compensation for missed meal or rest periods, their meal and rest period claims are barred.

**SIXTEENTH DEFENSE**

**(Ratification - All Causes of Action)**

Plaintiff and/or any individual he seeks to represent are precluded from pursuing the FAC, and each claim asserted therein, because they failed to act upon the knowledge available to them, thereby ratifying the conduct of Defendant they complain of.

**SEVENTEENTH DEFENSE**

**(Consent/Authorization - All Causes of Action)**

Plaintiff's FAC, and each claim asserted therein, is barred, in whole or in part, because the alleged conduct of Defendant complained of in the FAC was approved, consented to, and/or authorized by Plaintiff and/or the individuals he seeks to represent through their actions, omissions, and course of conduct.

4

**EIGHTEENTH DEFENSE**

**(Good-Faith Dispute - Labor Code § 203 - Fifth and Seventh Causes of Action)**

Plaintiff, and the individuals he seeks to represent, are not entitled to Labor Code section 203 penalties because a good-faith dispute existed as to the monies allegedly owed at the time of the termination, such that Defendant cannot be held to have willfully failed to comply with the requirements of the applicable Labor Code sections. *See*, Cal. Code Regs., tit. 8, § 13520.

**NINETEENTH DEFENSE**

**(No Willful Violation of Labor Code § 203 - Fifth and Seventh Causes of Action)**

Plaintiff, and the individuals he seeks to represent, may not claim Labor Code § 203 penalties because Defendant did not willfully fail to comply with the requirements of the California Labor Code, including without limitation, §§ 201, 202, or 201.3.

**TWENTIETH DEFENSE**

**(No Knowing and Intentional Violation - Fourth and Seventh Causes of Action)**

Any alleged violation of Labor Code section 226 was not knowing and intentional and therefore Plaintiff's requested recovery is barred.

**TWENTY-FIRST DEFENSE**

**(No Section 17200 Standing - Sixth Cause of Action)**

To the extent that Plaintiff and/or any individual he seeks to represent are former employees, they lack standing to seek injunctive relief, civil penalties, or damages under relevant portions of the California Labor Code and the California Business and Professions Code § 17200 et seq., because, *inter alia*, they have not suffered any injury in fact or lost money or property as a result of any unfair competition, and/or no penalties are available under the statutes sued upon, and/or they are no longer employed by Defendant and have an adequate remedy at law.

**TWENTY-SECOND DEFENSE**

**(No Recovery Under Section 17200 - Sixth Cause of Action)**

Plaintiff's claims pursuant to California Business & Professions Code section 17200, *et seq.* fails to the extent that they seek anything but restitution for alleged violations of the Labor Code that form the basis of the claim under the Unfair Competition Law.

5

**TWENTY-THIRD DEFENSE**

**(No Private Right of Action - All Causes of Action)**

Plaintiff's claims, and those of the members of the putative classes, are barred to the extent they seek to recover damages and civil penalties for which no private right of action exists.

**TWENTY-FOURTH DEFENSE**

**(Labor Code § 2856 - All Causes of Action)**

Plaintiff's claims, and those of the individuals he seeks to represent, are barred by Labor Code § 2856 to the extent that Plaintiff or any individual he seeks to represent failed substantially to comply with all the directions of Defendant, and such failure proximately caused the alleged losses for which they seek relief.

**TWENTY-FIFTH DEFENSE**

**(Unconstitutional Penalty - Seventh Cause of Action)**

Plaintiff, and the individuals he seeks to represent, are not entitled to any penalty award to the extent that the penalty provisions of the applicable statutes invoked establish penalties that are unjust, arbitrary, oppressive, confiscatory and are disproportionate to any damage or loss incurred as a result of Defendant's conduct, and are unconstitutional under Article I, Section VII, of the California Constitution and/or the Fifth, Eighth, and Fourteenth amendments to the United States Constitution.

**TWENTY-SIXTH DEFENSE**

**(Accord and Satisfaction/Release - All Causes of Action)**

The claims of Plaintiff and/or any individual he seeks to represent are barred, in whole or in part, pursuant to an accord and satisfaction, and/or are barred to the extent that Plaintiff and/or any individuals he seeks to represent have entered into, or are otherwise bound by, compromise, settlement or release agreements regarding those claims.

**TWENTY-SEVENTH DEFENSE**

**(Conduct Reasonable And In Good Faith/Not Willful - All Causes of Action)**

To the extent a court holds that Plaintiff or any individual he seeks to represent is entitled to damages or penalties, which is specifically denied, Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that it had complied fully with California wage and hours laws.

Consequently, Defendant's conduct was not knowing or willful within the meaning of the California Labor Code.

### TWENTY-EIGHTH DEFENSE

### (Adequate Remedy at Law - Sixth Cause of Action)

Plaintiff's request for declaratory and other equitable relief fail because Plaintiff and the individuals he seeks to represent have adequate remedies at law.

### TWENTY-NINTH DEFENSE

### (No Attorneys' Fees - All Causes of Action)

Plaintiff's FAC, and each purported cause of action alleged therein, fails to state a claim for attorneys' fees against Defendant under the Code of Civil Procedure, the Labor Code, or any other statutory basis.

### THIRTIETH DEFENSE

### (Lack of Standing - All Causes of Action)

Plaintiff's claims, and the claims of those he seeks to represent, are barred to the extent that they lack standing to pursue them because they were not injured or cannot bring such claims as a matter of law.

### THIRTY-FIRST DEFENSE

### (Exhaustion of Administrative Remedies - Seventh Cause of Action)

Plaintiff's claims, and the claims of those he seeks to represent, are barred to the extent that Plaintiff failed to exhaust his administrative remedies and/or other prerequisites and/or failed to timely exhaust those remedies/prerequisites as required by law, including, but not limited to, the requirements set forth in California Labor Code section 2699.3.

### THIRTY-SECOND DEFENSE

### (Binding Arbitration - All Causes of Action)

Plaintiff's FAC, and each purported cause of action alleged therein, or some of them, cannot be maintained against Defendant because the claims of Plaintiff and/or any individuals he seeks to represent are subject to binding arbitration under an enforceable written agreement to arbitrate that Plaintiff and/or the putative class signed.

**THIRTY-THIRD DEFENSE**

**(Setoff and Recoupment - All Causes of Action)**

To the extent a court holds that Plaintiff or any individual he seeks to represent is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff or any individual he seeks to represent owed to Defendant against any judgment that may be entered against Defendant.

**THIRTY-FOURTH DEFENSE**

**(Unmanageability/Due Process - Seventh Cause of Action)**

Plaintiff's claims are not suitable for class or representative action treatment because, among other reasons, any trial would be entirely unmanageable and cannot be tried without violating Defendants' due process rights.

**ADDITIONAL DEFENSES**

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

//

//

//

//

//

//

//

//

//

//

//

//

//

# **PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by his FAC;

2.      That Plaintiff's request for an order certifying any proposed class or sub-class be denied;

3.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

4.      That Defendant be awarded reasonable attorneys' fees according to proof;

5.      That Defendant be awarded the costs of suit incurred herein; and

6.      That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.

DATED: June 30, 2020                              Respectfully submitted,

                                                              SEYFARTH SHAW LLP

                                                              By: _____
                                                                   Christian J. Rowley
                                                                   Michael A. Wahlander
                                                                   Sophia S. Kwan
                                                                   Nolan R. Theurer

                                                              Attorneys for Defendant
                                                              AARON'S, INC.

64468978v.4

# *Exhibit C*

*Exhibit C*

Aaron's, Inc.
Legal
June 3, 2020

FILED/ENDORSED

FEB 2 4 2020

By K. Madden, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

LUIS H. CASTRO CARDENAS,                    )    No. 34-2020-00274403
                                            )
              Plaintiffs,                   )
                                            )
       v.                                   )    **NOTICE OF CASE MANAGEMENT**
                                            )    **CONFERENCE AND COMPLEX CASE**
AARON'S INC.,                               )    **MANAGEMENT PROCEDURES**
                                            )
              Defendants.                   )
                                            )
                                            )    Complex Civil Dept.: 28
                                            )    Judge Richard K. Sueyoshi
                                            )
                                            )

**THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL**

**OTHER PARTIES. ANY PARTY WHO HEREAFTER SERVES A NEW PARTY**

**SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH**

**THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.**

       1.     Pursuant to the Presiding Judge's Notice and Order of Complex Case

Determination, the above-referenced case has been designated as complex, assigned to this

department for complex case management, and pre-assigned to this department for trial. This is

a *limited purpose* assignment under California Rule of Court 3.734, such that law and motion

matters shall be heard in Departments 53/54 per Local Rule 2.30, et seq., unless otherwise

directed by this Court. Motions for consolidation, severance, bifurcation, intervention and to

1

Aaron's, Inc.
Legal
June 3, 2020

1  continue trial shall be heard in this department unless otherwise directed by this Court.  Other

2  motions referenced in Local Rule 1.05 shall be heard by the Presiding Judge.

3      2.    The Court orders all parties to appear for a **Case Management Conference on**

4  **May 8, 2020, at 10:00 a.m., in Department 28.**  Counsel who wish to appear by telephone are

5  responsible for making all CourtCall arrangements.

6      3.    The Court orders the parties to meet and confer prior to the CMC pursuant to

7  California Rule of Court 3.724.  The parties' meet-and-confer session shall include discussion of,

8  among other things, the possibility of early mediation, the identification of additional potential

9  parties, and plans for discovery.  All such matters shall be reported in the parties' CMC

10  Statements.

11      4.    All parties shall file CMC Statements no later than 15 calendar days prior to the

12  CMC.  The Court encourages the parties to file joint CMC Statements.  The Court orders that in

13  lieu of using standard form CM-110, the parties may and are encouraged to prepare more

14  descriptive case management statements, providing additional information relevant to the

15  complex case management of this case.  CMC statements may be filed at the main civil counter.

16      5.    Each party shall be prepared to participate effectively in the CMC, including, but

17  not limited to, being thoroughly familiar with the case and able to discuss the suitability of

18  private mediation, arbitration, and/or the use of a special master or referee.

19      6.    Should the parties stipulate and request a continuance of the CMC given the early

20  status of the case, they shall indicate such in their CMC Statements (preferably in a joint CMC

21  Statement), the reasons for such request, and the date range for which they agree to a new CMC

22  date.  The Court may or may not approve such stipulated request.

23      7.    Tentative Rulings:  The Court may or may not issue a tentative ruling prior to the

24  scheduled CMC.  Counsel are directed to check the Court's tentative rulings after 2:00 p.m. the

25  court day prior to the scheduled CMC.  Tentative rulings are posted on the Court's website at

26  www.saccourt.ca.gov.  If no tentative ruling is posted, the CMC will proceed as scheduled.  If a

27  tentative ruling is posted, unless otherwise indicated, such ruling shall become the final order of

28  the Court and no CMC hearing shall occur, unless counsel contacts the Court prior to 4:00 p.m.

Aaron's, Inc.
Legal
June 3, 2020

1   of the same date to request a hearing and provides notice to all other parties.  In such event, the

2   CMC will proceed as scheduled or as otherwise indicated by the Court in its tentative ruling.

3      8. Law and Motion:  As referenced above, this case has been assigned to this

4   department for limited purposes.  Pursuant to Local Rule 2.30, et seq., Civil Law and Motion

5   Departments 53/54 shall hear all law and motion matters customarily heard in such departments.

6   This shall include pleading motions, discovery motions and dispositive motions.  Motions for

7   preliminary approval and for final approval shall also be heard in Departments 53/54.  Motions

8   regarding class certification shall be heard in Departments 53/54 unless this Court directs that

9   such motions may be filed in this department depending on calendaring and other considerations.

10     9. Other Motions:  Motions for consolidation, severance, bifurcation, intervention

11  and to continue trial shall be heard in this department unless otherwise directed by this Court.

12  Trial-related motions shall be heard in this department unless otherwise directed by this Court.

13  Other motions referenced in Local Rule 1.05 shall be heard by the Presiding Judge.

14     10. Filings:  Law and Motion filings shall be made pursuant to Department 53/54

15  procedures.  Motions heard in this department shall be filed directly in Department 28.  Motions

16  that must be heard by the Presiding Judge pursuant to Local Rule 1.05 shall be filed pursuant to

17  Department 47 procedures.  CMC Statements may be filed at the main civil counter.

18     11. Typical Case Progress:

19      a. After the initial CMC or a subsequent CMC, the Court may issue an initial

20       Case Management Order.  The breadth of such orders may vary depending

21       upon factors such as the complexity of the case and other circumstances.  The

22       Court may issue subsequent Case Management Orders potentially addressing

23       topics such as discovery cut-offs, phased discovery, disclosure dates, timing

24       of private mediation, timing of class certification motions, etc.  Some matters

25       may be deferred in cases in which a special master is appointed.

26      b. Pursuant to the Presiding Judge's Notice and Order of Complex Case

27       Determination, this Court is the trial department for this case.  This Court

28       remains the trial court unless subsequently ordered otherwise.  In rare

3

Aaron's, Inc.
Legal
June 3, 2020

instances, a case may be transferred to Department 47 for assignment to a different trial department if this Court has scheduling conflicts due to another trial or otherwise is unable to proceed with trial.

    c.  The Court will schedule a Trial Setting Conference at which time a precise trial date shall be set in this department. The Court will issue a Trial Setting Conference Order which shall set the Mandatory Settlement Conference in Department 59, a Final Status Conference, a Final Pre-Trial Conference, and the trial date. The order shall also address deadlines for trial-related tasks and filings, including motions in limine, witness and exhibit lists, proposed jury instructions, jury questionnaires, etc.

12.    The following interim orders shall be in effect:

    a.  Plaintiff(s) shall diligently locate and serve each defendant. It is the Court's intention, by this order, that all parties shall be served in sufficient time to have made an appearance within the time allowed under law prior to attending the first CMC.

    b.  Counsel shall continuously ensure that they have no legal conflicts of interest as to any present or anticipated parties so that counsel may participate fully in the CMC and this case.

13.    The Court strongly encourages the parties to engage in early and meaningful alternative dispute resolution.

**IT IS SO ORDERED.**

DATED: 2/24 , 2020

HON. RICHARD K. SUEYOSHI
JUDGE OF THE SUPERIOR COURT

4

Aaron's, Inc.
Legal
June 3, 2020

CASE NUMBER: 34-2020-00274403                DEPARTMENT: 28
CASE TITLE:     CARDENAS VS. AARON'S INC.
PROCEEDINGS: NOTICE OF CASE MANAGEMENT CONFERENCE

## CERTIFICATE OF SERVICE BY MAILING
### (C.C.P. Sec. 1013a(4))

I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing **ORDER** by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at 720 9th Street, Sacramento, California, 95814 each of which envelopes was addressed respectively to the persons and addresses shown below:

I, the undersigned deputy clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated:  2/25/2020                         Superior Court of California, County of
                                          Sacramento

                                          By   _K.Madden_____
                                               K.Madden , Deputy Clerk

DARREN M. COHEN, Esq., Cal. Bar No. 221938
**KINGSLEY & KINGSLEY, APC**
16133 Ventura Blvd., Suite 1200
Encino, CA 91436

DEPT        : 28                          Superior Court of California,
DATE        : 2/25/2020                   County of Sacramento
CASE NO.    : 34-2020-00274403
CASE TITLE  : CARDENAS VS ARRON'S INC.

                                          BY:   _K.MADDEN,_____
                                                **Deputy Clerk**

Page 1 of 1

Aaron's, Inc.
Legal
June 3, 2020



**Superior Court of California, County of Sacramento**
720 Ninth Street Sacramento, CA 95814-1380 (916)
874-5522—Website www.saccourt.ca.gov

## NOTICE AND ORDER OF COMPLEX CASE DETERMINATION

Case Title: *Cardenas vs Aaron's Inc.*    Case Number: *2020-274403*

Having reviewed and considered the pleadings on file, the court orders:

☐ **THE CASE IS DEEMED COMPLEX** and assigned to the Honorable *SUEYOSHI*
presiding in Complex Case Management Department *28* for case management pursuant to California Rules of Court 3.750, et seq. The case is also pre-assigned for trial, and any motions for consolidation, severance, bifurcation, intervention and to continue trial shall be heard in such department unless otherwise ordered. This is a limited purpose assignment under California Rule of Court 3.734. Law and motion matters shall be heard in Departments 53/54 per Local Rule 2.30, et seq., unless otherwise directed by the Complex Case Management Department.

**This action involves one or more of the following:**

☐ Antitrust or trade regulation claims.   ☐ Claims involving mass torts.

☐ Construction defect claims involving many parties or structures.   ☑ Claims involving class actions.

☐ Securities claims or investment losses involving many parties.   ☐ Insurance coverage claims arising out of any of the claims listed above.

☐ Environmental or toxic tort claims involving many parties.

**The action is likely to involve:**

☑ Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve.   ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court.

☑ Management of a large number of witnesses or a substantial amount of documentary evidence.   ☐ Substantial post judgment judicial supervision.

☐ Management of a large number of separately represented parties.   ☐ Other: _____

Government Code section 70616 establishes the fees for complex cases. Pursuant to Government Code section 70616, any non-exempt party who has appeared in this action, but who has not paid the required complex case fee, is ordered to pay the fee to the clerk within ten calendar days of the filing of this order. Failure to pay the required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same enforcement and penalties (Cal. Gov. Code § 70616(g)).

☐ **THE CASE IS DECLARED NOT COMPLEX.**

Any complex case fees that the parties have previously paid pursuant to 70616(a) or (b) shall be reimbursed upon submission of a refund request together with a copy of this minute order by the paying party to the Court's Civil General Civil Processing Unit. It may be submitted by mail or placed in one of the Civil Drop Boxes located in Room 102 and the lobby of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento CA 95814.

The plaintiff is directed to serve all other parties with a copy of this order.

Date: *1-31-2020*    Signed: _____

Presiding Judge of the Superior Court
of California, County of Sacramento

CV/I-205 PJ (Rev: 01/2020)    Notice and Order of Complex Case Determination – Presiding Judge

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720  Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Castro Cardenas vs. Aaron's, Inc.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>34-2020-00274403-CU-OE-GDS |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE AND ORDER OF COMPLEX CASE DETERMINATION was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 02/04/2020.

Clerk of the Court, by: _/s/ P. Banks_____ , Deputy

DARREN  M COHEN
16133  VENTURA BOULEVARD # 1200
ENCINO, CA   91436 US

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

V3 1013a (June 2004)                                      Code of Civil Procedure , § CCP1013(a)