UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS H. CASTRO CARDENAS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AARON'S, INC. and DOES 1–50,<br><br>Defendant. | No. 2:20-cv-01327-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendant Aaron's, Inc.'s ("Defendant") Motion to Compel Arbitration and to Stay Plaintiff's Private Attorneys General Act ("PAGA") Claim. (ECF No. 5.) Plaintiff Luis H. Castro Cardenas ("Plaintiff") filed an opposition. (ECF No. 8.) Defendant filed a reply. (ECF No. 9.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///

///

///

///

///

///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant class action lawsuit against Defendant, Plaintiff's former employer, on January 29, 2020.  (*See* ECF No. 1 at 16–33.)  Plaintiff filed the operative First Amended Complaint ("FAC") on May 8, 2020.  (*See id.* at 34–50.)  Plaintiff alleges various violations of the Labor Code and Business & Professions Code: failure to pay wages/overtime (Claim One); failure to provide meal periods (Claim Two); failure to provide rest periods (Claim Three); failure to provide accurate itemized wage statements (Claim Four); failure to pay all wages owed on termination (Claim Five); and unfair competition (Claim Six) (collectively, "individual claims").  (*Id.*)  Plaintiff also alleges a PAGA claim (Claim Seven), in which he seeks civil penalties based on the alleged violations.  (*Id.* at 48–49.)  Defendant removed the action to this Court on July 2, 2020.  (*Id.* at 1.)

On July 29, 2020, Defendant brought the instant motion to compel arbitration and stay Plaintiff's PAGA claim.  (ECF No. 5.)  Defendant argues that Plaintiff electronically signed a binding Arbitration Agreement on November 12, 2018, and Plaintiff did not subsequently opt out of the Arbitration Agreement.  (ECF No. 5-1 at 8; ECF No. 5-4 at 7–16.)  Under the Arbitration Agreement, Plaintiff agreed that all claims between himself and Defendant "will be exclusively decided by arbitration governed by the Federal Arbitration Act before one neutral arbitrator and not by a Court or Jury."  (ECF No. 5-4 at 7, 16.)  The Arbitration Agreement defines "claims" to mean "all disputes between [Plaintiff] and [Defendant], including but not limited to disputes arising out of or related to [his] application for employment, [his] employment by [Defendant], or [his] separation from employment with [Defendant] (including any job related post-separation disputes)."  (*Id.* at 7.)

## II.   STANDARD OF LAW

In deciding whether to compel arbitration, a district court typically determines two gateway issues: (1) whether a valid agreement to arbitrate exists; and, if it does, (2) whether the agreement encompasses the dispute at issue.  *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).  "To evaluate the validity of an arbitration agreement, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'"  *Ingle*

2

1    *v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (citing *First Options of Chicago,*

2    *Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  If the court is "satisfied that the making of the

3    arbitration agreement or the failure to comply with the agreement is not in issue, the court shall

4    make an order directing the parties to proceed to arbitration in accordance with the terms of the

5    agreement."  9 U.S.C. § 4.  "[A]ny doubts concerning the scope of arbitrable issues should be

6    resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460

7    U.S. 1, 24–25 (1983).  If a court "determines that an arbitration clause is enforceable, it has the

8    discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged

9    claims are subject to arbitration."  *Hoekman v. Tamko Bldg. Prod., Inc.*, No. 2:14-cv-01581-TLN-

10   KJN, 2015 WL 9591471, at *2 (E.D. Cal. Aug. 26, 2015) (citation omitted).

11       **III.  ANALYSIS**

12       Plaintiff does not dispute that the Arbitration Agreement exists and is binding, nor does he

13   dispute that the Arbitration Agreement covers his individual claims.[1]  (ECF No. 8 at 3.)  Rather,

14   Plaintiff asserts "[t]he *only* issue the Court needs to address with Defendant's Motion is whether

15   to stay the separate pending PAGA claim."  (*Id.* (emphasis added).)  Plaintiff explains that he

16   intends "to file a Second Amended Complaint to remove the class action allegations and proceed

17   with a single cause of action for penalties" under PAGA.  (*Id.*)  Plaintiff argues that should the

18   Court grant leave to amend, a stay of the remaining, "stand-alone" PAGA claim would be

19   inappropriate.  (*Id.* at 7.)  In reply, Defendant correctly points out that Plaintiff cannot amend his

20   FAC without leave of Court because the deadline for amending pleadings was August 31, 2020.[2]

21   *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) ("Federal Rule of Civil

22

23    [1]    Plaintiff also does not dispute that the Arbitration Agreement includes an enforceable
24   class action waiver that requires Plaintiff to bring his claims on an individual basis, not as a class
     action.  (ECF No. 5-4 at 7.)

25    [2]    The Initial Pretrial Scheduling Order states as follows: "Within sixty (60) days of service
26   of the complaint on the last party, *or from the date of removal*, whichever is later, the parties shall
     amend the complaint or join any parties pursuant to the Federal Rules of Civil Procedure.  No
27   other joinder of parties or amendments to pleadings is permitted without leave of court, good
     cause having been shown."  (ECF No. 3 at 2 (emphasis added).)  Defendant removed the action
28   on July 2, 2020.  (*See* ECF No. 1.)

1   Procedure 15(a) is the appropriate mechanism 'where a plaintiff desires to eliminate an issue, or

2   one or more but less than all of several claims, but without dismissing as to any of the

3   defendants.'") (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 16

4   (requiring a court to find good cause in order to modify a scheduling order).  Plaintiff fails to

5   provide any authority to persuade the Court it would be appropriate to grant leave to amend that

6   was requested for the first time in an opposition to Defendant's motion to compel arbitration.

7   Absent a properly noticed motion for leave to amend pursuant to the Federal Rules of Civil

8   Procedure, the Court declines to grant leave to amend the FAC at this stage.

9         Looking to the FAC, Plaintiff brings individual claims for damages arising from various

10  wage and hour violations and a derivative PAGA claim for civil penalties related to those alleged

11  violations.  (*See* ECF No. 1 at 34–50.)  The parties seem to agree that Plaintiff's individual claims

12  are arbitrable and Plaintiff's PAGA claim is not.  (*See* ECF No. 8 at 8 ("Plaintiff should be

13  allowed to file his Second Amended Complaint and pursue the PAGA claims independent of the

14  status of Plaintiff's individual claims subject to arbitration."); *see also* ECF No. 9 at 3 ("[Plaintiff]

15  does not dispute that [the Arbitration Agreement] compels his individual claims asserted in the

16  FAC to arbitration.")); *see Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348,

17  386–89 (explaining that PAGA claims are not arbitrable).

18        The parties also seem to agree that — as a general matter — the Court has discretion to

19  stay proceedings for the purpose of judicial efficiency.  (ECF No. 8 at 8; ECF No. 5-1 at 18).

20  However, Plaintiff argues "[a] stay of a PAGA [a]ction until arbitration is completed is not

21  permitted" under *ZB, N.A. v. Superior Court*, 8 Cal. 5th 175 (2019).  (ECF No. 8 at 4.)  *ZB* does

22  not stand for that broad proposition.  The plaintiff in *ZB* brought a single cause of action under

23  PAGA seeking both civil penalties *and* unpaid wages under California Labor Code § 558 ("§

24  558").  8 Cal. 5th at 181.  The trial court granted the defendant's motion to compel arbitration of

25  the "unpaid wages" portion of the PAGA claim.  *Id.* at 183.  On review, the appellate court

26  concluded the plaintiff's request for unpaid wages under § 558 was part of the "entire, indivisible

27  civil penalty through the PAGA" and could not be arbitrated.  *Id.* at 184.  The California Supreme

28  Court disagreed with the appellate court in part.  The court explained that the question at issue

4

1   was "whether a plaintiff may seek [an amount sufficient to recover underpaid wages] in a PAGA

2   action at all." *Id.* The court concluded the answer to that question is no. In short, the court held

3   "the amount for unpaid wages is not recoverable under the PAGA, and [§] 558 does not otherwise

4   permit a private right of action." *Id.* at 182. Because § 558 was not a proper vehicle for

5   plaintiff's unpaid wages claim, the court agreed with the appellate court that the defendant's

6   motion to compel should be denied and remanded to allow the trial court to consider whether the

7   plaintiff should be allowed to "amend her complaint to request unpaid wages under an

8   appropriate cause of action." *Id.* at 198.

9          Plaintiff fails to persuade the Court that *ZB* is relevant to the instant case. Unlike the

10   plaintiff in *ZB*, Plaintiff in this case brings a variety of claims, including a separate PAGA claim

11   that does not seek unpaid wages under § 558. (*See* ECF No. 1 at 48–49 (seeking "penalties and

12   other relief" under California Labor Code § 2699 because of Defendant's alleged wage and hour

13   violations).) Plaintiff emphasizes the *ZB* court noted that "[a]n employee's predispute agreement

14   to individually arbitrate her claims is unenforceable where it blocks an employee's PAGA claim

15   from proceeding" pursuant to *Iskanian* and argues the Court cannot "block" the PAGA claim

16   from proceeding by imposing a temporary stay. (ECF No. 8 at 5 (citing *ZB*, 8 Cal. 5th at 187).)

17   The Court disagrees. Plaintiff ignores that *Iskansian* struck down waivers that block PAGA

18   claims entirely. There is no PAGA waiver at issue here. Neither *ZB* nor *Iskanian* provide that a

19   PAGA claim cannot be temporarily stayed while individual claims are properly arbitrated. To the

20   contrary, district courts in the Ninth Circuit have routinely — and recently — stayed PAGA

21   claims actions under similar circumstances. *See, e.g.*, *Musolf v. NRC Env't Servs., Inc.*, No. 2:20-

22   cv-01387-KJM-CKD, 2021 WL 1696282, at *3 (E.D. Cal. Apr. 29, 2021) ("Given the

23   entanglement of the non-arbitrable PAGA claim for civil penalties with the other [wage and hour]

24   claims for damages, including in part a portion of the PAGA claim, the court stays the entire

25   action here in the interests of efficiency, pending completion of arbitration."); *Lefevre v. Five Star

26   Quality Care, Inc.*, No. 5:15-cv-01305-VAP-SPx, 2019 WL 6001563, at *9 (C.D. Cal. Nov. 12,

27   2019) (granting a motion to compel arbitration and staying the action pending completion of

28   arbitration proceedings); *Gonzales v. Emeritus Corp.*, 407 F. Supp. 3d 862, 868 (N.D. Cal. 2019)

("[B]ecause plaintiff's PAGA claims are derivative of the substantive claims which will proceed to arbitration, the representative PAGA claims are hereby [stayed] pending the results of the arbitration proceeding."); *Jenkins v. Sterling Jewelers, Inc.*, No. 17cv1999-MMA (BGS), 2018 WL 922386, at *7 (S.D. Cal. Feb. 16, 2018) ("[I]f a court finds that the plaintiff asserts both arbitrable and nonarbitrable claims, district courts have discretion whether to proceed with the nonarbitrable claims before or after the arbitration and [have] . . . authority to stay proceedings in the interest of saving time and effort for itself and litigants.") (citation and internal quotation marks omitted); *see also* 9 U.S.C. § 3 (allowing a court to stay an action when an issue in the action is subject to arbitration). Similarly, considering the derivative nature of Plaintiff's PAGA claim, the Court exercises its discretion and stays the entire action pending arbitration of Plaintiff's individual claims in the interest of judicial efficiency.

## IV.   CONCLUSION

The Court hereby GRANTS Defendant's Motion to Compel Arbitration (ECF No. 5) and STAYS the case pending completion of arbitration of Plaintiff's individual claims. The parties shall notify the Court within thirty (30) days of completing arbitration.

IT IS SO ORDERED.

DATED: June 8, 2021

Troy L. Nunley
United States District Judge